OOSTERWYK, Appellant, v. CORRIGAN and others, Respondents.*

*March 5—April 2, 1963.*

* Motion for rehearing denied, with $25 costs, on June 4, 1963.

For the appellant there was a brief by *Sonnenberg &
Boden* of Milwaukee, and oral argument by *H. F. Sonnen-
berg*.

For the respondents there was a brief by *John J. Fleming*,
city attorney of Milwaukee, and *Peter M. Stupar*, assistant
city attorney, and oral argument by *Mr. Stupar*.

DIETERICH, J.  The record discloses that Gerhardus
Oosterwyk, acting in the capacity of his own attorney, and

Efren Quiroz commenced the instant action in the circuit court for Milwaukee county on February 10, 1956. The complaint alleges:

"1. That at all times hereafter mentioned the plaintiffs were and are residents of Milwaukee county, Wisconsin; that the plaintiff, Gerhardus Oosterwyk, resides at 1835 West McKinley Avenue, Milwaukee, Wisconsin, and is now employed as a common laborer; that the plaintiff, Efran [Efren] C. Quiroz, resides now at West Lloyd street, Milwaukee, and his occupation is that of an instrument mechanic.

"2. That the plaintiffs own 3⅔ acres of land located on the North Western Railroad track and Kaul avenue in the town of Granville, and that the land is zoned for industrial purposes under the county zoning ordinance adopted October 25, 1927, amended November 2, 1943, being chapter 85 of the general ordinances of Milwaukee county.

"3. That the plaintiff, Gerhardus Oosterwyk, duly obtained, on September 4, 1945, a Milwaukee county zoning permit for construction, and later additional permits to place additional structures on said premises; and that said premises and structures were used to house chickens, goats, sheep, dogs, and other animals, also equipment owned by the plaintiff, Gerhardus Oosterwyk, used in the conduction of a jewelry store and workshop for repairs on antiques and jewelry, mechanic tools, and so forth. The equipment consisted of showcases, antique bronze clocks, jewelry-repair parts, clock-repair parts, small machines, motors, plating tanks, and silver and gold solutions, experimental tools, diamond wheels, carbon wheels, toolboxes, carpenter and farmer tools, air compressor, tank with gauges, and so forth.

"4. That defendant, Lawrence Corrigan, wrongfully caused the plaintiff, Gerhardus Oosterwyk, to be arrested on Ninety-first and Fond du Lac avenue at 8:30 in the morning of December 31, 1952, handcuffed, and brought to the Safety Building, despite the fact that the warrant clearly stated that Gerhardus Oosterwyk be brought to the justice of the peace in the town of Granville. Corrigan and two constables, Bruggeman and Pufahl, wrongfully conspired to keep plaintiff, Gerhardus Oosterwyk, under arrest until after

New Year's, for the reason to keep him away from the act of arson defendant Corrigan committed during the time of plaintiff's arrest and detainment. During the time of plaintiff's arrest, defendant Corrigan, accompanied by his ten-year-old son, wrongfully destroyed plate glass, storm windows, records for business and magazines, removing fences, and committed other acts of vandalism and arson.

"5. That on January 3, 1953, said defendants and persons unknown to the plaintiff, who are herein designated as John Doe and John Roe, without lawful right and in trespass of the rights of said plaintiffs, entered in and upon said premises and wrongfully destroyed all of the remaining buildings thereon by wantonly causing said buildings to be destroyed by fire, deliberately started by said defendants. That said defendants, wholly in violation of any assumed rights, destroyed personal property on said premises which was stored on such premises. That defendants destroyed fruit trees and plants, fences, and so forth, which had no relationship to any act of vandalism attempted to do to any building or shed on said premises.

"6. That defendants, without process, destroyed a water pump and antique furniture and removed animals which were on the fields of the plaintiffs' property; that they removed and disconnected the electrical service (inspected by the inspector of the town of Granville in 1948) on the premises in violation of the rights of the plaintiffs.

"7. That said defendants maliciously and wilfully destroyed the source of water for said premises by destroying the pump and dropping the pipes in a 177-foot deep, eight-inch-casing well and causing it to be rendered useless.

"8. That said defendants, acting wilfully and maliciously, conspired to cause the destruction of personal property of the plaintiffs; and in the case of the well, particularly, the plaintiff, Efren C. Quiroz, who paid over $900 for it to be used for industrial purposes.

"9. That the defendants, acting wilfully and maliciously, conspired to cause the destruction of personal property of the plaintiffs, and particularly that of Gerhardus Oosterwyk, by having a large group of persons and vehicles enter on the land, trespassing, seize, and destroy his goods and commit wrongful acts of trespass and conversion. That all of said

acts took place on the 31st day of December, 1952, and on the 3d day of January, 1953. That said defendants caused the goats, sheep, chickens, and ducks to be illegally seized and removed from the land.

"10. That their concerted action brought an employee of the humane society on the premises in plaintiffs' absence, caused by him calling the sheriff's department, and through trespassing seized my dogs and parrot and caused me the loss of my pal tomcat.

"11. That some of the defendants imposed a charge of $1,500 against said plaintiffs as a special assessment in order to create hardship for said plaintiffs; in other words, make it impossible to borrow money on the land to fight back and protect plaintiffs' rights.

"12. That the plaintiffs never have been given notice of such charges or of the special assessment. The plaintiffs allege that all of the acts of said defendants were wilful, malicious, and in violation of the constitutional rights of the plaintiffs, under the provisions of secs. 1–9 and 77 of art. X of the constitution of the state of Wisconsin, and the Fourth and Fourteenth amendments to the constitution of the United States.

"That said plaintiffs have been deprived of their property without due process of law; that the defendants conspired to wrong and harm said plaintiffs, and particularly the plaintiff Gerhardus Oosterwyk, also to the damage to the sum of $25,000, and punitive damage to plaintiff, Gerhardus Oosterwyk to be set by a jury; and that the said charges of $1,500 be declared null and void and invalidated as a lien or special assessment against said property; and that the plaintiffs be awarded such other relief as in law is permitted."

The defendants by answer deny the allegations of the plaintiffs' complaint and then set up as separate defenses, to wit:

"First separate defense. (1) That the subject matter, parties or their privies, and cause of action in the above-entitled case are the same as the subject matter, parties or

their privies, and cause of action in an action entitled Gerhardus Oosterwyk, *et al.,* v. Lawrence Corrigan, Case No. 233–377, circuit court for Milwaukee county, Wisconsin (the record whereof is hereby incorporated by reference as if herein set forth in toto).

"(2) That final judgment was entered in the above-cited action on October 22, 1951, in said court, the Hon. DANIEL W. SULLIVAN, circuit judge presiding, in favor of the defendant, dismissing the complaint of the plaintiffs on the merits.

"(3) That an appeal from said judgment was taken by the plaintiffs to the supreme court of Wisconsin; that said appeal was dismissed by said court on October 9, 1952, awarding costs to the defendant.

"(4) That, accordingly, the above-entitled action is barred as *res judicata.*

"Second separate defense. (1) That the subject matter, parties or their privies, and cause of action in the above-entitled case are the same as the subject matter, parties or their privies and cause of action in an action entitled Gerhardus Oosterwyk, *et al.,* v. Lawrence Corrigan, Case No. 241–657, circuit court for Milwaukee county, Wisconsin (the record whereof is hereby incorporated by reference as if herein set forth in toto).

"(2) That final judgment was entered in the above-cited action on December 19, 1952, in said court, the Hon. WILLIAM F. SHAUGHNESSY, circuit judge presiding, in favor of the defendant dismissing the complaint of the plaintiffs on the merits.

"(3) That, accordingly, the above-entitled action is barred as *res judicata.*

"Third separate defense. (1) That the subject matter, parties, and cause of action in the above-entitled case are the same as the subject matter, parties, and cause of action in an action entitled Gerhardus Oosterwyk, *et al.,* v. Lawrence Corrigan, et al., Case No. 244–503, circuit court of Milwaukee county, Wisconsin.

"(2) That final judgment was entered in the above-cited action on April 23, 1954, in favor of the defendant, Lawrence

Corrigan, and against the plaintiffs; and that on April 9, 1954, the court entered an order striking the claim for damages.

"(3) That, accordingly, the above-entitled action is barred as *res judicata.*

"Fourth separate defense. That the complaint in the above-entitled action is not drafted in conformity with sec. 263.03 (1), Stats., and therefore should be dismissed.

"Fifth separate defense. That the complaint in the above-entitled action is not drafted in conformity with sec. 263.03 (3), Stats., and therefore should be dismissed.

"Sixth separate defense. That the claim for false imprisonment set forth in the plaintiffs' complaint is barred by sec. 330.21 (2), Stats., and therefore should be dismissed.

"Seventh separate defense. That the challenge of the special assessment involved in the plaintiffs' complaint is barred by sec. 330.24, Stats., since said special assessment was imposed in 1952. Therefore, such challenge should be dismissed on the merits.

"Eighth separate defense. That at all times referred to in the complaint of the plaintiffs, the defendants were serving the town of Granville as officers or agents thereof and were acting in a strictly governmental capacity and in good faith; that said defendants cannot be held personally liable for their acts, since the same were in pursuance with express statutory authority.

"Ninth separate defense. That the complaint of the plaintiffs in the above-entitled action, upon its face, fails to state a cause of action."

The defendants, Lawrence Corrigan, Harold Gunther, Wickert & Fuhrman, based upon an affidavit signed by Lawrence G. Wickert in support of a motion for summary judgment, obtained an order requiring Gerhardus Oosterwyk and Efren C. Quiroz to show cause before the circuit court for Milwaukee county on March 16, 1956, why summary judgment should not be entered dismissing the complaint upon its merits. The affidavit of Lawrence Wickert stated

that he and defendant Fuhrman were at all times referred to in the complaint, legal counsel for the town of Granville and defendant Corrigan was the building inspector thereof. Pursuant to sec. 66.05, Stats., Corrigan served upon plaintiffs a condemnation order requiring plaintiffs to raze the building on the premises within a certain time period or the town would raze the building at plaintiffs' expense. An order was also served upon plaintiffs which required that plaintiffs remove their personal property from the premises by a specified time or the town would remove such property at plaintiffs' expense. Subsequent to the service of the order, three actions were commenced by plaintiffs in the circuit court for Milwaukee county alleging misconduct on the part of defendants in condemning plaintiffs' property. Pursuant to law Corrigan did raze plaintiffs' building, removed, stored, and later sold plaintiffs' personal property. The necessary legal documents were drafted by defendants Wickert & Fuhrman. Defendant Gunther purchased the personal property of plaintiffs for the storage charges thereof. All defendants acted pursuant to the provisions of sec. 66.05. The special assessment of $1,500 referred to in the complaint was made in 1952, by the town board of the town of Granville, pursuant to sec. 66.05, and plaintiffs attempt to now challenge the validity of such assessment is barred by sec. 330.24.

The order required the plaintiffs to show cause why the following allegations did not entitle the defendants to summary judgment and dismissal of their complaint:

"(1) That the above-entitled action is barred as *res judicata* by the judgments and proceedings in Case No. 233–377, Case No. 241–657, and Case No. 244–503.

"(2) That at all times referred to in the complaint herein the defendants, Lawrence Corrigan and Wickert & Fuhrman, were serving the town of Granville as officers or agents thereof in a governmental capacity and cannot be held personally liable therefor;

"(3) That the complaint herein is not drafted in conformity with sec. 263.03 (1), Stats., and therefore should be dismissed.

"(4) That the complaint herein is not drafted in conformity with sec. 263.03 (3), Stats., and therefore should be dismissed.

"(5) That the claim for false imprisonment set forth in the complaint herein is barred by sec. 330.21 (2), Stats., and therefore should be dismissed.

"(6) That the challenge of the special assessment involved in the complaint herein is barred by sec. 330.24, Stats., since said special assessment was imposed in 1952, and

"(7) That the complaint herein, upon its face, fails to state a cause of action."

Gerhardus Oosterwyk made an affidavit to support his claim for damages, in which he stated that the property in question was and is zoned for industrial use, and that he had zoning and building permits from Milwaukee county to put animal and storage sheds on the property and use the land for industrial purposes. Oosterwyk denied anyone had ever lived on the property. He stated further that he was arrested and handcuffed by two constables on December 31, 1952, that the defendants did all the acts alleged in the complaint. Oosterwyk stated that he was never informed of the $1,500 assessment and only became aware of such assessment when his landlord went to the courthouse to pay real-estate taxes and discovered that an extra $1,500 was due.

The issue on summary judgment is whether there is a substantial issue of fact to be tried. Sec. 270.635, Stats.[1] *Krause v. Hartwig* (1961), 14 Wis. (2d) 281, 111 N. W. (2d) 138; *Northern Pacific R. Co. v. Knauf & Tesch Co.*

---

[1] Sec. 270.635. "SUMMARY JUDGMENTS. (1) Summary judgment may be entered . . .

"(2) The judgment may be entered in favor of either party, on motion, upon the affidavit of any person who has knowledge thereof, setting forth such evidentiary facts, . . . as shall show that his

(1962), 17 Wis. (2d) 249, 116 N. W. (2d) 138; and *Hintz v. Darling Freight, Inc.* (1962), 17 Wis. (2d) 376, 117 N. W. (2d) 271.

Oosterwyk contends: (1) That plaintiff has at all material times represented himself without benefit of counsel; (2) that summary judgment is a drastic remedy and should not be exercised lightly; and (3) that summary judgment is not an appropriate remedy when the record before the court is as confused as this one is.

Oosterwyk also contends that it is improper for defendants to move for summary judgment on a confused record when the plaintiff is representing himself. Oosterwyk is right in at least one respect. The record is not very intelligible.

The answer of the defendants sets forth nine separate defenses. The affidavit and the order to show cause for summary judgment set forth seven grounds which they contend entitles them to summary judgment.

The trial court granted the defendants' motion for summary judgment but failed to file any findings of fact or conclusions of law or a memorandum opinion disclosing upon what grounds it granted the defendants' motion for summary judgment. The absence of either or both creates a difficult situation for this court on review because of the inability to determine the basis of the trial court's conclusion. In *Public Service Comm. v. Wisconsin Telephone Co.* (1933), 289 U. S. 67, 69, 53 Sup. Ct. 514, 77 L. Ed. 1036, Mr. Chief Justice HUGHES stated:

"We have repeatedly emphasized the importance of a statement of the grounds of decision, both as to facts and law, as an aid to litigants and to this court."

denials or defenses are sufficient to defeat the plaintiff, together with the affidavit of the moving party, . . . that the action has no merit . . . unless the opposing party shall, by affidavit or other proof, show facts which the court shall deem sufficient to entitle him to a trial."

This court, likewise, emphasizes the importance of either findings of fact and conclusions of law or a memorandum opinion so as to disclose the grounds upon which the trial court reached its determination.

The order to show cause sets forth that the action is barred as being *res judicata* by the judgments of the circuit court for Milwaukee county and proceedings in Case No. 233–377, Case No. 241–657, and Case No. 244–503.

Case No. 233–377 was an action by Gerhardus Oosterwyk, Efren C. Quiroz, Anna Kalmus against Lawrence Corrigan, building inspector for the town of Granville. Case No. 241–657 was an action by Gerhardus Oosterwyk, Efren C. Quiroz, and Anna Kalmus against Lawrence Corrigan, building inspector for the town of Granville. Case No. 244–503 was an action by Gerhardus Oosterwyk and Efren C. Quiroz against Lawrence Corrigan, building inspector for the town of Granville, the town of Granville, John Doe and Richard Roe. The trial court in a written memorandum decision in Case No. 244–503 stated as follows:

"The action is for compensatory damages and for punitive damages against the defendants, of which only Lawrence Corrigan and the town were served, and so the action is against them only. The plaintiffs' claim is for alleged injury and damage to certain real and personal property, which real estate is, and personal property was, situated in the town at 8625–8717 West Kaul Avenue, arising out of the condemnation and removal of plaintiffs' buildings and the sale of their personal property pursuant to sec. 66.05, Stats. 1949, 1951.

"On November 2, 1950, the defendant building inspector served a condemnation of building order on the plaintiffs, requiring them to raze the structures and remove the debris from the premises in compliance with sec. 66.05 (1) to (5), Stats., and secs. 32 and 33 of the building code of the town of Granville.

"From the pleadings in Case No. 233–377, incorporated by reference, in the answer in the case at bar, it appears that as to the personal property and fixtures on the premises,

the plaintiffs were served by said building inspector on May 21, 1951, with an order to remove the same within ten days thereafter and that, on failure so to do, the cost of so doing, storing, and selling the same over and above the proceeds would become a lien against the real estate.

"No application was made to the circuit court to restrain the building inspector from razing and removing the building, until that which followed the service of an order to show cause, summons and complaint in Case No. 233–377, on May 31, 1951. In that action the defendants' demurrer was sustained because the application to review the order was not made within the time limited by sec. 66.05 (3) and, since the defect could not be cured by an amendment to the complaint, judgment of dismissal was granted. Plaintiffs appealed to the supreme court from such judgment, which appeal was dismissed upon motion on November 5, 1952.

"On November 3, 1952, the plaintiffs commenced another action against the building inspector, Case No. 241–657, incorporated by reference in the answer herein, to test the validity of the defendant's orders, and another served on plaintiff Oosterwyk on October 21, 1952, to restrain him thereon, and for $10,000 damages. The latter order summarized the proceedings and ordered the removal of all personal property within ten days after October 21, 1952. On December 4, 1952, the court sustained the defendant's plea in bar and on December 19, 1952, judgment of dismissal was entered, of which notice was served on May 15, 1953, and no appeal has been taken therefrom. . . .

"From the reports filed in Case No. 243–474, it appears that the buildings on the real estate were razed on January 3, 1953, the cost of which was $209.53, plus attorney's fees, costs, and expenses of $1,500; and that the personal property was sold on August 3, 1953, for $1,583.79, the reasonable value thereof, which proceeds were paid to the purchaser for his cost of having stored the same since January 3, 1953; and thus no surplus remained.

"The town has imposed a charge of $1,500 as a lien against the real estate for the cost of razing and removal. . . .

"The plaintiffs failed to follow the remedy provided in sec. 66.05 (3) and (5), Stats., for the review of the orders for razing the buildings and for the sale of the personal prop-

erty. The remedy provided by the statute is exclusive and a failure of the complainant to follow the same bars any subsequent action involving the same subjects; . . . and the court has no jurisdiction, now, relative to the same.

"Because of the law applicable to the facts as they appear from the record upon the motion, the plea in bar will be granted. . . .

"Buildings which are of such a character as to constitute a menace to the health or safety of the inhabitants of a community may be denounced as nuisances and, where the statutes provide for recourse to the courts of competent jurisdiction for a determination whether it is such nuisance, such statutes and proceedings are valid as being in the exercise of the police power. In the exercise of such power and with the protections provided by the statute, municipal authorities may, if necessary, remove or compel the removal of a building which has for any cause become a nuisance.

"Public welfare calls for the abatement of that which endangers life or property. Such abatement is not a taking of private property for public use. The public takes nothing; it simply causes one, who maintains upon his land that which unduly endangers life and property, to remove it.

"The power to summarily abate nuisances was fully recognized and established as a principle of the common law. The rule is that the inhabitants of a municipal corporation hold their property subject to a reasonable exercise of the police power. Under this, property may be destroyed to protect the public welfare when such property becomes a nuisance or dangerous to public safety.

"The constitutionality and validity of statutes such as sec. 66.05, Stats., including also the lien provisions, has been sustained. . . . These cases establish the constitutionality of using the police power for the purpose of authorizing the demolition and removal, at the expense of the owner of faulty, dangerous, or unsanitary structures.

"Thus it is concluded that the town cannot be held liable in this action for the alleged damages to the plaintiffs, since the proceedings followed were those authorized by the statute, sec. 66.05.

"Furthermore, as to both defendants, the statute, sec. 66.05 (3), in its last sentence, provides that 'anyone affected by

such an order of the inspector shall not be entitled to recover any damages for the razing and removal of such building,' which provision is included in (5) of that section as to personal property, by virtue of the last sentence of that subsection. Since the proceedings followed were within sec. 66.05, Stats., both defendants have the protection of those provisions.

"The defendant building inspector was acting within the scope of his authority and in the line of his duty, and is not personally liable to the plaintiffs for any damages. The action will be dismissed against him upon its merits, with his taxable costs and disbursements.

"That leaves for consideration only the issue as to the reasonableness of the amount of the lien imposed upon the real estate described of the plaintiffs. The complaint alleges that the town has imposed a charge of $1,500 for the razing of the buildings, which amount is alleged to be excessive. The town denies that it is excessive.

"Where a property owner is given an opportunity, in proceedings relating to the exercise of the police power, to appear and contest the proceedings, and if he fails to timely avail himself of the opportunity, he thereby admits and is estopped to claim the contrary, that situation is one as to which the police power can be properly exercised, and the applicability of the statute, which is constitutional and valid.

"The exercise of police power is legislative and legislative policy, in respect thereto, is not for the courts, unless personal or property rights are constitutionally affected by such exercise, . . . which rights are not here affected because of the conduct and omissions of the plaintiffs, except the rights for an accounting on the reasonableness of the amounts stated.

"The fact that the statute—sec. 66.05—provides for a report to the circuit court (see subs. (2) and (5)) indicates a legislative intent that this court has jurisdiction to inquire into the reasonableness or excessiveness of the items reported upon. While the defendant town contends that the plaintiffs, by disregarding and ignoring all notices until it was too late, thereby assumed the risk and are estopped from claiming that the amounts charged for razing, and incidental expenses, and storage, and the amount received on the sale of the

personal property were not reasonable, nevertheless, as stated, because of the report required to be made, the court can inquire into the same. This action will thus be deemed as such an action for that purpose only.

"Such construction does not do violence to the last sentence of sub. (3) of sec. 66.05, nor to sec. 60.36, Stats., for it does not open or leave open the case for the recovery of any damages; but merely as to whether or not the amount of the charge and lien should be $1,500 or less. As to that, plaintiffs have as yet not have had an opportunity to be heard and they are timely within sec. 75.61, Stats.

"Since a tax certificate apparently had not been issued prior to the commencement of this action on June 3, 1953, the court cannot give consideration at this time to sec. 75.61, Stats., under which a plaintiff must, under certain circumstances, pay the amount challenged into court as a condition to the maintenance of the action. If the fact is otherwise and is made to properly appear of record, this decision and the order hereon shall not be considered as barring such requirement, if deemed applicable then. . . ."

Pursuant to the memorandum decision, the trial court entered the following order on April 9, 1954:

"It is ordered: That the plea in bar of the defendant, Lawrence Corrigan, building inspector of the town of Granville, be and the same is hereby sustained, and judgment is hereby ordered dismissing the above-entitled action as to him on its merits with taxable costs and disbursements;

"It is further ordered: That the cause of action of the plaintiffs against the defendant, town of Granville, for compensatory damages in the sum of $50,000 and for punitive damages in the sum of $50,000 be and the same is hereby stricken;

"It is further ordered: That the motion of the defendant, town of Granville, for summary judgment is denied, but trial will be permitted only on the issue as to the reasonableness of the amount of $209.50 reported as for labor, the $1,500 reported as for attorney's fees, costs, and expenses, the $1,589.79 which was charged for storage, and the $1,589.79 for which the personal property was sold;

"It is further ordered: That since a tax certificate apparently had not been issued prior to the commencement of this action on June 3, 1953, the court cannot give consideration at this time to sec. 75.61, Stats., under which a plaintiff must, under certain circumstances, pay the amount challenged into court as a condition to the maintenance of the action; that if the fact is otherwise and is made to properly appear of record, this order shall not be considered as barring such requirement, if deemed applicable then."

The issue with reference to the $1,500 lien was tried before the court and jury and the jury returned a special verdict finding that the $1,500 lien assessed against the plaintiffs' property was reasonable. Judgment was entered on the verdict and an appeal was taken to this court. The case is reported in *Oosterwyk v. Milwaukee* (1959), 7 Wis. (2d) 160, 96 N. W. (2d) 372. This court determined in that appeal that the evidence amply supported the jury's finding and that the amount of the lien was reasonable and that the court properly entered judgment on the verdict.

We determine that all the issues contained in the complaint and pleadings in Cases Nos. 233–377, 241–657, and 244–503, applicable to this action have been fully litigated, although Gunther and Wickert & Fuhrman were not defendants in those actions. The determination made by the trial court in circuit court Case No. 244–503, in which the trial court in its order stated:

". . . it appearing that the plaintiffs failed to follow the remedy provided in sec. 66.05 (3) and (5), Stats., for the review of the orders for razing the buildings and for sale of personal property involved in this action; and it further appearing that the remedy provided by the statute is exclusive and a failure of the complainants to follow the same bars any subsequent action involving the same subject; . . ."

is *res judicata* on those issues and a bar to any further action.

The complaint in the instant action is substantially the same as the complaints in Cases Nos. 233–377, 241–657, and 244–503, with the exception that Oosterwyk now alleges that he was falsely arrested, handcuffed, and imprisoned on December 31, 1952. This action was commenced on February 10, 1956. That part of his action for damages which is based upon false arrest and false imprisonment is barred by sec. 330.21 (2), Stats. 1951.[2]

Since this court ruled that the $1,500 assessment was reasonable in *Oosterwyk v. Milwaukee, supra,* it necessarily follows that the trial court's judgment of dismissal of the Oosterwyk complaint be affirmed.

*By the Court.*—Judgment affirmed.

WILKIE, J., took no part.

---

[2] Sec. 330.21 "WITHIN TWO YEARS. . . .

"(2) An action to recover damages for libel, slander, assault, battery, or false imprisonment."

* Motion for rehearing denied, with $25 costs, on June 4, 1963.