Oremus and wife, Respondents, v. Wynhoff, Appellant.

*September 4—October 1, 1963.*

638

For the appellant there were briefs and oral argument by *Clinton J. Finnegan* of Milwaukee.

For the respondents there was a brief by *Jack V. Silbar,* attorney, and *Dennis M. Sullivan* of counsel, both of Milwaukee, and oral argument by *Mr. Silbar.*

GORDON, J.   The complaint in this case seeks recovery for the alleged breach of a contract to rent three apartments and for negligently constructing the building.

*The Contractual Liability for Rent.*

The contractual obligation for rent stems out of the following provision in the offer to purchase:

"This offer to purchase is subject to three (3) apartments (the first floor-south-apartment excepted) being rented on

leases of one (1) year duration at $127.50 per month including garage."

Although the complaint for the rent is couched in terms of a mere breach of contract, the plaintiffs upon this appeal have expressed their claim in terms of fraud and duress.

So far as a contractual duty is concerned, we are unable to interpret the offer to purchase and the quoted clause as a continuing promise by the defendant to rent the three apartments. By its own terms, the clause provides that "this offer to purchase is subject to . . . apartments . . . being rented." We think this clearly expresses a condition by the offerors that they may be relieved of their offer if the three apartments were not leased for the term and at the rentals expressed in the offer to purchase.

In other words, the prospective purchaser reserved the right to refuse to go through with the contract if the necessary leases were not procured. As in the case of *Fun-N-Fish, Inc., v. Parker* (1960), 10 Wis. (2d) 385, 103 N. W. (2d) 1, which involved a somewhat-related problem, the instant offer to purchase also contained the clause that "no representations other than those expressed herein, either oral or written, are a part of this sale."

We are unable to construe the contract as one which provided a continuing duty on the part of the seller to find tenants for the apartments—even after the closing. Such an interpretation does violence to the language of the agreement and imposes upon the seller a burden which is foreign to his contract. We understand the contract to provide the buyers with a conditional right to refuse to consummate the purchase if the seller failed to produce the appropriate leases; this is vastly different from the seller's accepting the responsibility of finding tenants at some period subsequent to the closing of the real-estate transaction or of being personally responsible for such rentals.

The duty to rent the apartments did not survive the delivery of the deed. While it is possible for collateral undertakings to survive the consummation of a real-estate sale, such undertakings must be apparent from the preliminary contract or made a covenant in the deed. The cases on this subject are analyzed in an annotation in 38 A. L. R. (2d) 1310, which supplements an earlier annotation on the same subject matter in 84 A. L. R. 1008.

At the time of the closing, it was known to all the parties that the contemplated leases had not been procured. At the trial, the plaintiffs contended that they were threatened with a lawsuit if they failed to consummate the purchase. They attended such closing with their attorney, and we find it difficult to believe that they were imposed upon by the threat of a lawsuit. As a general rule, the threat to start proceedings in litigation is not such duress as is recognized in the law of contracts. 5 Williston, Contracts (rev. ed.), p. 4501, sec. 1606.

We are persuaded that the trial court erred in granting judgment to the plaintiffs on the first portion of the complaint. We conclude that there is no merit to this part of the plaintiffs' complaint and that the judgment which allowed $697.43 thereon must be reversed. As to this phase of the complaint there must be a dismissal on the merits.

### The Liability for Negligent Construction.

The judgment also included $385.65 for the defendant's negligent work in constructing the apartment building in question.

We note that with reference to the duty on the part of the defendant to make repairs, the pleadings are devoid of any allegations showing the source of such duty. When the defendant offered testimony as to the absence of any written warranties, such testimony was objected to and not permitted by the court. It would thus appear that it was the intention

of the defendant's counsel to challenge the existence of a duty to perform the various acts of which the plaintiffs complain. A portion of the colloquy between the court and counsel on this question is quoted:

"*Q.* Now, did Mr. Wynhoff give you any warranties, written warranties, concerning the structure you were living in?

"Mr. Silbar: Now, just a minute, I am going to object to this upon the grounds that this—

"The Court: Let's see whether this—where is the deed? It might be a warranty deed. I don't know. That might answer it.

"Mr. Finnegan: There is a warranty deed.

"The Court: All right, then. The warranty, that's enough.

"Mr. Finnegan: *Q.* So to make the question more specific, do you have anything in writing from Mr. Wynhoff which warrants that your basement will not leak?

"Mr. Silbar: Well, now—

"The Court: I don't see why you are going into that. The court will consider all these things. I don't think it's necessary the seller give a warranty to every single thing there is in that building. I don't want to say anything more about it. I think the warranty deed would cover that, the warranty title.

"Mr. Finnegan: A warranty title.

"The Court: Off the record. (Discussion off the record.)

"The Court: We won't argue that at this time."

From the foregoing it is apparent that the trial judge was under the erroneous impression that a warranty in a standard warranty deed runs beyond a warranty of title. A warranty deed, by definition, contains a covenant that the grantee will not be interrupted by a paramount title. Black's Law Dictionary (4th ed.), 1759. Under sec. 235.02, Stats., no covenants are implied in a conveyance of real estate. See Rundell, Covenants for Title in Wisconsin, 2 Wisconsin Law Review (1923), 65. Clearly, the warranty deed did not war-

rant that the basement would be waterproof; it warrants title, not fitness or quality of construction.

The record also shows that the defendant proposed to prove that there were plans and specifications in existence and that the defendant had complied with them. Upon the trial judge's theory that a warranty of title also warranted against defects in construction, the defendant was erroneously denied the opportunity to prove that the construction was consistent with such plans and specifications. A seller may be liable under an oral agreement concerning the quality of construction even though such understanding is not a part of the contract for sale. See *Claveau v. Plantier* (1960), 102 N. H. 487, 161 Atl. (2d) 166; 4 Williston, Contracts (3d ed.), p. 1127, sec. 645; Restatement, 1 Contracts, p. 335, sec. 240 (1) (b).

This court has also ruled that a building contractor may be liable for latent defects in connection with negligent construction whether or not the parties had an express contract thereon. *Fisher v. Simon* (1961), 15 Wis. (2d) 207, 216, 112 N. W. (2d) 705.

Therefore, it is possible that the plaintiffs have a valid cause of action for negligent performance; it is also possible that the defendant substantially complied with the specifications for this construction. In view of the erroneous theory of law adopted by the trial court, we have serious doubts that the true issues have been resolved, and, therefore, as to this phase of the case we believe that there must be a new trial in the interests of justice, pursuant to sec. 251.09, Stats.

### The Lack of an Opinion.

Our review of this case was made more difficult by the absence of an oral or written opinion on the part of the trial judge. We can appreciate that rendition of such pronouncements by the trial court may sometimes be bypassed in small claims or minor matters. Here, however, the lawsuit in-

volved the purchase of property valued at over $53,000 and resulted in a judgment of over $1,000, and the litigants were entitled to an expression of opinion by the trier of fact beyond the sending of a postcard which disclosed the result.

In recent cases, we have had occasion to urge that trial courts render written or oral opinions in all significant matters before them for decision. *Oosterwyk v. Corrigan* (1963), 19 Wis. (2d) 464, 473, 120 N. W. (2d) 620; *Wisconsin Dairy Fresh v. Steel & Tube Products Co.*, ante, p. 415, 421, 122 N. W. (2d) 361. The trial judge in this case is admonished to heed our expressions on this subject contained in the foregoing cases.

*By the Court.*—Judgment reversed, and cause remanded with instructions to enter judgment dismissing on its merits that portion of the complaint which sought damages for rent in the sum of $697.43 and for a new trial as to that portion of the complaint which sought damages of $385.65 for negligent construction work. Each side is to bear its own costs in this court.