AMALGAMATED ASSOCIATION OF STREET ELECTRIC RAILWAY & MOTOR COACH EMPLOYEES OF AMERICA, DIVISION 998, Appellant, v. DANIELSON, Respondent.

*April 2—April 28, 1964.*

For the appellant there was a brief and oral argument by *Jack A. Berland* of Milwaukee.

For the respondent there was a brief by *Quarles, Herriott & Clemons,* attorneys, and *Laurence E. Gooding, Jr.,* of counsel, all of Milwaukee, and oral argument by *Mr. Gooding.*

FAIRCHILD, J. It is undisputed that the defendant received $200 which the union paid under a mistake of fact. It seems evident that at the time the officers of the local union made the second $200 payment, they had forgotten having made the earlier payment. A party who has expended money by mistake of fact may ordinarily recover such sum in an action for money had and received. As stated in 40 Am. Jur., Payment, p. 849, sec. 197 :

"The knowledge of the facts which precludes the recovery of money paid means a knowledge existing in the mind at the time of payment, and the general rule is that a payment made under a mistake of fact caused by forgetfulness may be recovered, where the person to whom the payment is made is not entitled thereto and cannot in good conscience retain it. Thus, a payment made through forgetfulness of the fact that the amount has already been paid is a payment under a mistake of fact, and may be recovered, for a person so paying has done an act he did not intend to do, and did not know or believe he was doing, and the error, no matter whether arising from forgetfulness or otherwise, destroys the whole basis of the agreement and the parties are restored to their original condition and right."

Although an action for money had and received is an action at law, it is governed by equitable principles.[1] "[T]he defendant may rely upon any defense which shows that in equity and good conscience the plaintiff is not entitled to recover in whole or in part."[2] As stated by the Restatement, Restitution, p. 284, sec. 69 (1) :[3]

---

[1] *Dairyman's State Bank v. Tessman* (1962), 16 Wis. (2d) 314, 317, 318, 114 N. W. (2d) 460.

[2] *Marinette County v. Schmitt* (1946), 248 Wis. 308, 311, 21 N. W. (2d) 717, 22 N. W. (2d) 151, quoting 19 Am. Jur., Equity, p. 168, sec. 195.

[3] See also 40 Am. Jur., Payment, pp. 852, 853, sec. 201.

"The right of a person to restitution from another because of a benefit received because of mistake is terminated or diminished if, after the receipt of the benefit, circumstances have so changed that it would be inequitable to require the other to make full restitution."

"The rule that money paid under a mistake of fact may be recovered back does not apply where the payment has caused such a change in the position of the other party that it would be unjust to require him to refund. Thus, where the plaintiff alone is at fault, or his fault is greater than that of the defendant, then the cases seem to agree that alteration of position of the defendant is a defense to an action for recovery of the money by the plaintiff, and, as a general rule, in cases where the plaintiff and the defendant are equally to blame for the mistake under which the money was paid, or equally innocent in respect thereto, an alteration of position on the part of the payee is held to prevent liability in an action for recovery." [4]

If defendant paid her father's debts by reason of having received $200 which she believed she had a right to retain, such payment constituted a change of circumstances which would make it inequitable to require her to make restitution. The demurrer *ore tenus* was in effect an objection to the admission of evidence on the defense of change of circumstances.[5] It was properly overruled.

The absence of any indication of the grounds for the county court's decision creates a difficult situation on review.[6]

The record is sufficient to sustain findings that defendant honestly believed, after receipt of the money, that she was entitled to keep it, and paid the $50 hospital bill on December 24, 1961, in reliance thereon. We shall assume the county court made such findings since they will, at least partially, support the judgment.

---

[4] 40 Am. Jur., Payment, p. 852, sec. 201.

[5] See Note, 1947 Wisconsin Law Review, 426.

[6] See *Oosterwyk v. Corrigan* (1963), 19 Wis. (2d) 464, 473, 474, 120 N. W. (2d) 620; *Oremus v. Wynhoff* (1963), 20 Wis. (2d) 635, 643, 644, 123 N. W. (2d) 441.

However, the other payments were made before she received the $200. Defendant cannot be said to have made those payments in reliance on her right to an additional sum from the union. Thus the union was entitled to judgment for $150 with costs.

*By the Court.*—Judgment reversed, and cause remanded for entry of judgment in favor of plaintiff for $150 together with costs.