Gross Common Carrier, Appellant, v. Quick-N-Clean
Corporation, Respondent.

*January 4—February 2, 1965.*

For the appellant there was a brief by *Brazeau, Brazeau, Potter & Cole* of Wisconsin Rapids, and oral argument by *Richard S. Brazeau.*

For the respondent there was a brief by *Schlotthauer, Jenswold, Reed & Studt* of Madison, and oral argument by *John F. Jenswold.*

FAIRCHILD, J.    Under the contract between the shipper and Associated Truck Lines, the receiving carrier, the washer could only be delivered upon surrender of the original bill of lading properly endorsed. In order to obtain this bill of lading, Quick-N-Clean would have had to pay $980 to the bank at Brainerd for Clesco's account. It is conceded by all that under the applicable law, the receiving carrier was liable to Clesco for improper delivery, and Gross was liable for reimbursement.[1]

[1] 49 USCA, p. 114, sec. 20 (11).

The stipulation indicates, however, that the cash-on-delivery arrangement between the shipper and the carrier was inconsistent with the contract between Quick-N-Clean and Clesco. Under the latter, the carrier was to be permitted to deliver the goods on order of Quick-N-Clean, and Gillingham would have been entitled to delivery upon payment of $2,600 to the Adams bank for the account of Quick-N-Clean. Plaintiff has not established that Clesco had any right, under its contract with Quick-N-Clean, to withhold delivery until the balance of the purchase price was paid to Clesco in cash. Since Clesco owed Quick-N-Clean more than $980, the parties may well have intended that the balance due on the washer would be merged in the account between them.

There is a suggestion in the record that Clesco is in financial difficulties. We may surmise that Clesco may have shipped the washer c. o. d. in the hope that Quick-N-Clean would pay cash rather than suffer delay by insisting upon its right to obtain possession on open account. Gross' mistake frustrated the plan, but it has not been shown that Quick-N-Clean received any advantage to which it was not entitled under its contract with Clesco.

A right to restitution is governed by equitable principles.[2] If Gross' delivery of the washer without requiring cash settlement can be said to have conferred a benefit on Quick-N-Clean under these circumstances, we do not deem it inequitable for Quick-N-Clean to retain it.

*By the Court.*—Judgment affirmed.

BEILFUSS, J., took no part.

---

[2] See *Nelson v. Preston* (1952), 262 Wis. 547, 550, 55 N. W. (2d) 918; *Amalgamated Asso., etc., Div. 998, v. Danielson* (1964), 24 Wis. (2d) 33, 36, 128 N. W. (2d) 9.