556 F.2d 394
 77-1 USTC P 9461
 UNITED STATES of America, Plaintiff-Appellee,
v.
Raymond BURCZYK, Defendant and Third Party Plaintiff-Appellant,
v.
Daniel W. HOWARD, Village of Waterford, State of Wisconsin,
Department of Industry, Labor & Human Relations,
Third Party Defendants-Appellees.
 No. 76-1790.
 United States Court of Appeals,
Seventh Circuit.
 Argued Jan. 6, 1977.
Decided June 2, 1977.
 
 C. James Heft, Carroll R. Heft, Racine, Wis., for appellant.
 Scott P. Crampton, Asst. Atty. Gen., Mary L. Jennings, Atty., Tax Div., Dept. of Justice, Washington, D. C., W. H. Putnam, Madison, Wis., John A. Wittig, Milwaukee, Wis., James F. Bremer, Waterford, Wis., Gregory Gramling, Jr., Milwaukee, Wis., for plaintiff-appellee.
 Before PELL and SPRECHER, Circuit Judges, and EAST,* Senior District Judge.
 EAST, Senior District Judge.
 The Appeal:
 The appellant Raymond Burczyk (Burczyk) appeals the order of the District Court which, pursuant to 31 U.S.C. § 192, holds him personally liable to the United States (Government) for failing to satisfy a tax claim of the Government out of the assets of an insolvent corporation prior to paying the respective tax claims of the State of Wisconsin (State) and the Village of Waterford (Village).
 We note jurisdiction under 28 U.S.C. § 1291 and affirm.
 State Court Proceedings:
 The State of Wisconsin Circuit Court for the County of Racine (State Court) entertained an insolvency proceeding brought against Alby Manufacturing, Inc. (Alby). Burczyk was appointed receiver with power over liquidation and distribution of Alby's assets. Alby was indebted, inter alia, to the Government for income taxes withheld from its employees in an amount exceeding $16,000, to the State for unpaid unemployment taxes and to the Village for unpaid personal property taxes.
 The Government, after notice of Burczyk's appointment as receiver, timely filed its claim of priority for the amount of the unpaid withholding taxes. 31 U.S.C. § 191.[1] Thereafter the Government gave notice to Burczyk of his potential personal liability in the event of his failure to honor the Government's claim of priority. 31 U.S.C. § 192.[2]
 Wisconsin statute § 108.22 provides for the perfection of tax claims by the State and its municipalities by the docketing of a warrant in the amount of the respective claims. The State and the Village timely filed their respective "perfected" tax claims.
 The Government, except for the filing of its claim and notice, did not further participate in the State Court insolvency proceeding. Based upon Burczyk's final report, which failed to set forth the priority of the Government's claim, the State Court ordered the satisfaction of the tax claims of the State and the Village prior to the Government's claim. The remaining assets of Alby were insufficient to satisfy the claim of the Government.
 The Government belatedly received notice of the payments to the State and the Village from the assets of Alby to its exclusion and sought appeal to the Supreme Court of Wisconsin. That court dismissed the appeal as not timely.
 District Court Proceedings:
 The Government, pursuant to § 192, sought to recover from Burczyk personally the amount of $5,160.49. This represented the amount paid upon the claims of the State and the Village from the assets of Alby.
 Burczyk filed a third party action seeking to recover from Daniel W. Howard (Howard), his attorney in the insolvency proceedings, the State and the Village the sums adjudicated against him, if any. Burczyk claimed a right of recovery under the doctrine of unjust enrichment of the third party defendants.
 The parties entered a stipulation of facts. Thereafter the District Court held Burczyk personally liable upon the Government's claim and dismissed Burczyk's third party action against the State and the Village on the rationale that Burczyk's contention of unjust enrichment was barred by his own negligence. The District Court also dismissed Burczyk's third party action against Howard for the failure to state a claim upon which relief could be granted.
 Issues on Review:
 We deem the pertinent issues on review to be:
 Did the District Court err in:
 (1) Holding Burczyk personally liable for the amount claimed by the Government? and
 (2) Dismissing Burczyk's third party action against the State, the Village and Howard?
 Discussion:
 Issue 1:
 Wisconsin statute § 108.22 provides that the docketing of a warrant for unpaid taxes due a state taxing authority shall constitute a final judgment creating a preferred lien upon the employer's right, title and interest in all his property. Granted a lien existed upon Alby's properties in favor of the State and the Village for their respective claims; nevertheless the state statute does not in our opinion control the issue of priority between state, municipal, and federal tax claims.
 The District Court correctly concluded that federal, not state law, governs the priority between federal and state or municipal tax liens in situations similar to that presented here. Mr. Justice Minton, speaking for the Court in United States v. Gilbert Associates, 345 U.S. 361, 365-66, 73 S.Ct. 701, 704, 97 L.Ed. 1071 (1953), stated:
 
 
 1
 "As is usual in cases like this, the Town asserts that its lien is a perfected and specific lien which is impliedly excepted from (31 U.S.C. § 191). This Court has never actually held that there is such an exception. Once again, we find it unnecessary to meet this issue because the lien asserted here does not raise the question.
 
 
 2
 "In claims of this type, 'specificity' requires that the lien be attached to certain property by reducing it to possession, on the theory that the United States has no claim against property no longer in the possession of the debtor. Thelusson v. Smith, 2 Wheat. (15 U.S.) 396, 4 L.Ed. 271. Until such possession, it remains a general lien. There is no ground for the contention here that the Town had perfected its lien by reducing the property to possession. The record reveals no such action. The mere attachment of the Town's lien before the recording of the federal lien does not, contrary to the holding of the Supreme Court of New Hampshire, give the Town priority over the United States. The taxpayer had not been divested by the Town of either title or possession. The Town, therefore, had only a general, unperfected lien. United States v. Waddill Co. (323 U.S. 353, 65 S.Ct. 304, 89 L.Ed. 294), supra; Illinois v. Campbell, 329 U.S. 362, 370 (67 S.Ct. 340, 91 L.Ed. 348). Where the lien of the Town and that of the Federal Government are both general, and the taxpayer is insolvent, § 3466 (§ 191) clearly awards priority to the United States. United States v. Texas, 314 U.S. 480, 488 (62 S.Ct. 350, 86 L.Ed. 356)."
 
 
 3
 Although the docketing of warrants by the State and Village may have given them perfected liens under state law, the failure to reduce certain property to their possession precludes similar treatment under federal law. The District Court properly concluded the Government's tax claims against Alby fell within the ambit of § 191 and were entitled to priority over the claims of the State and the Village.
 
 
 4
 Burczyk failed to assert the Government's entitlement to priority before the State Court, and his contention that he was entitled to immunity from liability under § 192 because he acted under the compulsion of a State Court order is without merit. King v. United States, 379 U.S. 329, 85 S.Ct. 427, 13 L.Ed.2d 315 (1964).[3]
 
 Issue 2:
 Claim Against Howard:
 
 5
 Burczyk contends the payment of the claims to the State and Village, respectively, was made upon the advice of Howard. However, Burczyk did not allege any facts before the District Court upon which recovery could have been granted against Howard upon a theory of negligence, strict liability or any other theory of liability. Therefore, this claim is without merit.
 
 Claims Against the State and the Village:
 
 6
 With regard to Burczyk's claim of unjust enrichment, the District Court found:
 
 
 7
 "(T)he nature and magnitude of (Burczyk's) negligence in failing to bring the (Government's) claim to the attention of the state court in the receivership proceeding was sufficiently great that equitable relief should not be provided to (Burczyk). Furthermore, with respect to the (State), the record indicates that the payments made by (Burczyk) were deposited, as required by law, in the United States unemployment reserve fund and credited to the unemployment compensation claim account of Alby . . . It is not clear that funds to reimburse (Burczyk) could be withdrawn from the unemployment reserve fund."
 
 
 8
 We have surveyed the evidentiary record and conclude that the finding is not clearly erroneous. Fed.R.Civ.P. 52(a).
 
 
 9
 In Amalgamated Assoc., etc., Div. 998 v. Danielson, 24 Wis.2d 33, 128 N.W.2d 9, 11 (1964), Justice Fairchild (now Chief Judge of this Court), with reference to unjust enrichment, wrote, inter alia :
 
 
 10
 "Thus, where the plaintiff alone is at fault, or his fault is greater than that of the defendant, then the cases seem to agree that alteration of position of the defendant is a defense to an action for recovery of the money by the plaintiff, and, as a general rule, in cases where the plaintiff and the defendant are equally to blame for the mistake under which the money was made, or equally innocent in respect thereto, an alteration of position on the part of the payee is held to prevent liability in an action for recovery." (Emphasis supplied).
 
 
 11
 See Gross Common Carrier v. Quick-N-Clean Corp., 26 Wis.2d 288, 132 N.W.2d 576, 578 (1965); and Gulf Oil Corporation v. Lone Star Producing Co., 322 F.2d 28, 31-32 (5th Cir. 1963).[4]
 
 
 12
 The order of the District Court entered on May 21, 1976 is affirmed.
 
 
 13
 Affirmed.
 
 
 
 *
 Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation
 
 
 [1]
 "Section 191. Priority established. Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed."
 
 
 [2]
 "192. Liability of fiduciaries. Every executor, administrator, or assignee, or other person, who pays, in whole or in part, any debt due by the person or estate for whom or for which he acts before he satisfies and pays the debts due to the United States from such person or estate, shall become answerable in his own person and estate to the extent of such payments for the debts so due to the United States, or for so much thereof as may remain due and unpaid."
 
 
 [3]
 In rejecting a similar claim in King, supra at 339-40, 85 S.Ct. at 432, the Supreme Court explained: "In these circumstances we think (Burczyk) was possessed of a sufficient degree of control over the allocation among creditors of the assets in his possession to give rise to responsibility under § 192 for seeing that the government priority was paid, a responsibility which (Burczyk), so far as the record reveals, made no effort to discharge. This is not to say that (Burczyk) acted dishonestly in any way or that he positively intended to thwart the Government's claim. . . . But § 192 required more of (Burczyk) than an honest belief that the Government would be paid. It imposed upon him a duty to see that this was done."
 
 
 [4]
 " '(I)t has sometimes been said in very general terms that a mistake resulting from the complaining party's own negligence will never be relieved. This proposition is not sustained by the authorities. It would be more accurate to say that where the mistake is wholly caused by the want of that care and diligence in the transaction which should be used by every person of reasonable prudence, and the absence of which would be violation of legal duty, a court of equity will not interpose its relief; but even this more guarded mode of statement, each instance of negligence must depend to a great extent upon its own circumstances. It is not every negligence that will stay the hand of the court. The conclusion from the best authorities seems to be that the neglect must amount to the violation of a positive legal duty. The highest possible care is not demanded. Even a clearly established negligence may not of itself be a sufficient ground for refusing relief, if it appears that the other party has not been prejudiced thereby.' " Id