217 F.2d 446
 Roy E. EATON, alias Carl A. Rogers, Plaintiff-Appellant,
v.
Joseph D. BIBB, Victor I. Knowles, and Joseph E. Ragen, Defendants-Appellees.
Roy E. EATON, alias Carl A. Rogers, Plaintiff-Appellant,
v.
G. W. COULHARD, Fred R. Schlueter, Elmer Conner and Francis C. King, Defendants-Appellees.
 No. 11171.
 No. 11233.
 United States Court of Appeals Seventh Circuit.
 December 3, 1954.
 Rehearing Denied January 14, 1955.
 
 Roy E. Eaton, pro se.
 Latham Castle, Atty. Gen., William C. Wines, Raymond S. Sarnow, A. Zola Groves, Edward M. White, Asst. Attys. Gen., of counsel, for Bibb et al.
 Latham Castle, Atty. Gen., Bernard J. Moran, State's Atty., Rock Island County, Rock Island, Ill., for Coulhard et al.
 Before DUFFY, Chief Judge, and MAJOR and LINDLEY, Circuit Judges.
 DUFFY, Chief Judge.
 
 
 1
 The plaintiff is and since July 10, 1940 has been an inmate of the Illinois State Penitentiary at Joliet, Illinois. The appeal in each case has been prosecuted by plaintiff as a poor person. His motion to be personally present at the oral argument of these cases before this Court was denied. No oral argument was, in fact, held, the cases being taken on briefs. Because of the similarity of the issues in the cases one opinion will suffice.
 
 
 2
 Cause No. 11171.
 
 
 3
 In this case plaintiff asserts a violation of his civil rights and alleges that he was subjected to false arrest, kidnapping and false imprisonment prior to his conviction in 1940 in Illinois for the crime of armed robbery. He avers a conspiracy between various public officials of the States of New Mexico, Arizona and Illinois. The three named defendants were, at the time of the commencement of his action, the Director of the Illinois Department of Safety, the Chairman of the Illinois Division of Correction, and the Warden of the Illinois State Penitentiary at Joliet. Plaintiff asserts that the three named defendants "aided, abetted, and condoned the actions of above said (designated) County, State and Federal Officials in the crimes of kidnapping, false arrest, false imprisonment, cruel, inhuman and unusual treatment and punishment."
 
 
 4
 Plaintiff asserts that the named defendants knew of the encroachments on his constitutional rights but refused to free him from his incarceration and, therefore, that they became parties to the original conspiracy. None of the other persons mentioned as being in the conspiracy were designated as defendants.
 
 
 5
 Plaintiff also complains of various prison rules and regulations and claims that the administration thereof by the prison officials deprived him of his constitutional rights. In this respect he asks injunctive relief. However, the main prayer of the complaint is damages in large amounts, both compensatory and punitive, because of alleged violation of his civil rights.
 
 
 6
 Cause No. 11233.
 
 
 7
 In this case the named defendants are G. W. Coulhard, an agent of the Federal Bureau of Investigation, Fred R. Schlueter, Sheriff of Rock Island County, Illinois, Elmer Conner, Deputy Sheriff of Rock Island County, and Francis C. King, City Attorney for Rock Island County.
 
 
 8
 By an amendment of the complaint an attempt was made to add additional defendants such as United States Department of Justice, Federal Bureau of Investigation, County of Hidalgo and City of Lordsburg, New Mexico, County of Rock Island, Prosecuting Attorney's office, City of Rock Island, Illinois State Penitentiary, Warden's office Stateville Branch, Joliet, and other named departments of the Illinois State Government.
 
 
 9
 This complaint also alleges violation of plaintiff's civil rights asserting that prior to his conviction for armed robbery in Rock Island, Illinois, in 1940 he was subjected to false arrest, kidnapping and false imprisonment. Three of the named defendants were officials of Rock Island County where plaintiff's trial was held. Defendant Coulhard had conducted an investigation for the FBI.
 
 
 10
 In Cause No. 11171 the District Court, on February 15, 1954, held that the complaint failed to state a cause of action and entered an order dismissing said complaint. In Cause No. 11233 another District Court, on April 7, 1954, entered an order dismissing the complaint without stating the reason for such dismissal. From the motion for dismissal theretofore filed we assume that the basis for the order of dismissal was that it failed to state a claim upon which relief could be granted.
 
 
 11
 Plaintiff, at all times since his incarceration, has stoutly insisted that he was not guilty of the offense of armed robbery in Rock Island in the year 1940. On several occasions he has petitioned for Writs of Habeas Corpus. He has volunteered to and has taken lie detector tests. Some local officials have expressed a doubt as to whether plaintiff was guilty of the offense for which he was convicted. Plaintiff asserts that he has incurred the enmity of prison officials by the continued and persistent assertion of his innocence and that, as a result, he has been badly treated.
 
 
 12
 The only issue which we may consider on these appeals is whether the complaints, given a liberal construction, assert a claim upon which relief can be granted, 1) on plaintiff's claim that he has been deprived of civil rights within the purview of the Federal Civil Rights Act, 42 U.S.C.A. § 1981 et seq., and 2) that enforcement of prison rules and regulations has deprived plaintiff of some of his constitutional rights.
 
 
 13
 In No. 11171 plaintiff's claim of violation of his civil rights is based on the theory that the Director of the Illinois Department of Safety, the Chairman of the Illinois Division of Correction and the Warden of the Illinois State Prison, at some point, learned of the encroachment on his civil rights which had occurred sometime previously and, therefore, that it became the duty of these officials to release plaintiff from incarceration. A mere statement of plaintiff's position is sufficient to demonstrate that it does not state a claim upon which relief can be granted.
 
 
 14
 As to plaintiff's claim that the enforcement of prison rules and regulations deprive him of constitutional rights we cite several recent decisions of this Court: United States ex rel. Morris v. Radio Station WENR, 7 Cir., 209 F.2d 105; Morris v. Igoe, 209 F.2d 108; United States ex rel. Wagner v. Ragen, 7 Cir., 213 F.2d 294. In those cases we pointed out that federal courts do not have the power to control or regulate the ordinary internal management and discipline of prisons operated by the states. We stated that the disapproval by a prisoner of certain prison rules and regulations was no basis for him to come into Federal Court even though he claims that the restrictions placed upon his activities are in violation of his constitutional rights. Quoting from Stroud v. Swope, 9 Cir., 187 F.2d 850, 851, 852, we said: "We think that it is well settled that it is not the function of the courts to superintend the treatment and discipline of prisoners in penitentiaries, but only to deliver from imprisonment those who are illegally confined." We hold that the complaint in No. 11171 was properly dismissed.
 
 
 15
 In No. 11233, the defendant King was the state's attorney at Rock Island, Illinois, where the trial of plaintiff was held. This Court decided in Cawley v. Warren, 216 F.2d 74, that a state's attorney was a judicial officer of the State of Illinois and while acting in his official capacity was immune from civil liability under the Federal Civil Rights Act.
 
 
 16
 In Miles v. Armstrong, 7 Cir., 207 F.2d 284 the plaintiff sued for damages for alleged deprivation of civil rights and for conspiracy to deprive plaintiff of his civil rights. The injuries the plaintiff claimed were an aggravated assault on his person and the wanton destruction of his property. Some of the defendants were officials of the village of Chicago Heights while others were private individuals. We held that the rights claimed to be violated did not constitute privileges and immunities incident to United States citizenship and that if reparation was sought it should be done under state law.
 
 
 17
 Laughlin v. Rosenman, 82 U.S.App. D. C. 164, 163 F.2d 838 is a leading case declaring that prosecuting officials are not to be amerced by actions under the Federal Civil Rights Act for their actions in connection with official prosecutions even though it is alleged that such acts were done maliciously. In the Laughlin case it was specifically charged that the prosecuting officials acted without probable cause and for the purpose of prosecuting the defendant whom they knew to be innocent. The court there stated in 82 U.S.App.D.C. 164, 163 F.2d at page 842: "The contention of the plaintiff that the rule of immunity of public officers from civil liability is inapplicable to the defendants in the instant case because they, as alleged, from ulterior motives, knowingly and wilfully concocted false testimony against him, is resolved against the plaintiff by the settled course of judicial decision."
 
 
 18
 The court in Laughlin quoted, with approval, from Mitchell v. Greenough, 9 Cir., 100 F.2d 184 and stated: "The question then is whether or not a conspiracy to secure a conviction of a criminal offense in a court having jurisdiction thereof and of the defendant by knowingly using perjured testimony to convict an innocent person, is a conspiracy for the purpose of impeding the due course of justice in an attempt to `deny to any citizen the equal protection of the laws.' It is only in case of a conspiracy to effectuate such a purpose that one damaged in his person or property, or deprived of his rights as a citizen of the United States, is entitled to maintain an action for damages in the federal courts under the statutes." The Court points out that a conspiracy to deny the defendant due process of law is not a conspiracy to deny a person equal protection of the law.
 
 
 19
 As we pointed out in Jennings v. Nester, 217 F.2d 153, Title 42 U.S.C.A. § 1985 authorizes a cause of action for deprivation of equal protection of the laws, and mentions in that respect action based upon conspiracy. This is by contrast to § 1983 which refers to deprivation of due process, but which does not mention or provide for actions for conspiracy.
 
 
 20
 We hold that in the case at bar the plaintiff did not state a claim upon which relief can be granted under the Federal Civil Rights Act and that the complaint in No. 11233 was properly dismissed.
 
 
 21
 Affirmed.