**William G. REINKE, Jr., Plaintiff,**

v.

**WALWORTH COUNTY SHERIFF, Lt. Werner Vogli and Sgt. Donald Ketchpaw, Defendants.**

**Misc. No. 105.**

United States District Court
E. D. Wisconsin.

April 2, 1968.

### ORDER

MYRON L. GORDON, District Judge.

Plaintiff seeks permission to proceed in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. He alleges that the defendants deprived him of his constitutional rights by subjecting him to an illegal search and seizure; by denying him the assistance of counsel; and by falsely imprisoning him. The defendants are the Walworth county sheriff and three of his deputies. For these alleged constitutional deprivations, the plaintiff seeks damages in the sum of $59,363.50. The damages cover a period from July, 1964 to March, 1966 and are for loss of wages plus punitive damages.

On January 15, 1967, this court denied plaintiff permission to file in forma pauperis a similar action against the identical defendants. That order stated that the plaintiff failed to show any causal relationship between his charges and his claimed injuries. The plaintiff is now attempting to cure the defects of his previous complaint.

Complaints under the civil rights act are to be accorded liberal construction. Birnbaum v. Trussell, 347 F. 2d 86 (2nd Cir. 1965); Eaton v. Bibb, 217 F.2d 446 (7th Cir. 1955). Notwithstanding, the plaintiff must allege specific facts which indicate that he has a claim upon which relief could be granted. It is the opinion of the court that the plaintiff has not met this requirement; he has supplemented his previous complaint with conclusory statements only.

■ The plaintiff alleges that after he was arrested, he made several requests to call an attorney, all of which were denied. He states that because he did not have the assistance of counsel, certain information was elicited from him which led to the placing of six new charges against him. The plaintiff, however, fails to relate this charge of denial of assistance of counsel to his alleged injury. He does not inform the court whether he was tried and convicted on all or part of these charges; in fact, the plaintiff has not told the court for what he was adjudged guilty.

Similar gaps surround his claims that there was an illegal search and a false imprisonment. There is an impressive citation of case law, but even upon a liberal construction, the relationship between the alleged wrongs and alleged injury is not apparent.

The plaintiff has not shown the court that he has any claim upon which relief might be granted. Pursuant to the discretion granted the court by 28 U.S.C. § 1915, plaintiff's request to file his action in forma pauperis is hereby denied.