James P. ASHER, Michael O. Bohren, Mary Claire Davies, Thomas R. Higdon, Roger Hlavek, George F. Kopecky, Jr., Thomas La Porte, Ronald Ranieri and Kristin S. Smith, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

Fred Harvey HARRINGTON, J. Martin Klotsche, H. Edwin Young, and the Regents of the University of Wisconsin, Defendants.

No. 70–C–309.

United States District Court, E. D. Wisconsin.

Oct. 12, 1970.

Davis, Kuelthau, Vergeront & Stover, John P. Savage, Milwaukee, Wis., for plaintiffs.

Stafford, Rosenbaum, Rieser & Hansen, Ralph W. Bushnell, Madison, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendants have moved to dismiss the complaint, urging that the court has no jurisdiction and that the complaint fails to state a cause of action. In their brief, the plaintiffs summarize their own complaint as charging the defendants with "failure to reasonably maintain the University in operation for the benefit of the majority of students".

The plaintiffs are students at the university; the defendants include the president of the university, the chancellors of the Madison and the Milwaukee campuses, and also the regents of the university.

In their first cause of action, the plaintiffs aver a denial of rights and privileges under the first and fourteenth amendments of the Constitution and a violation of 42 U.S.C. § 1983. In paragraph 9 of the first cause of action, it is alleged that plaintiffs paid their tuition as students for the spring semester of 1970 and

" * * * were therefore granted certain individual rights and privileges including but not limited to the following: to pursue an education at the University; the unencumbered use and enjoyment of the facilities and grounds of the University while pursuing their education at said University; to attend classes in study courses conducted under the tutelage and supervision of qualified faculty and administrator personnel, said classes leading to the award of graduation credits prerequisite to a degree from the University."

In paragraph 11 of the first cause of action, the plaintiffs make the following allegations:

"Subsequent to April 20, 1970 and during the course of the Spring semester, 1970, one or more of the defendants and their agents acted under color of law to arbitrarily discriminate against plaintiffs, depriving them of equal protection of the laws without affording plaintiffs due process of law in the following respects:

(a) One or more of the defendants and their agents denied or permitted to be denied to plaintiffs the rights and privileges as set forth in paragraph 9, above.

(b) One or more of the defendants and their agents caused or permitted the wholesale misuse and misappropriation of University facilities contrary to the laws of the State of Wisconsin and to the detriment of the rights and privileges of plaintiffs set forth in paragraph 9, above; and

(c) One or more of the defendants and their agents performed, caused or permitted acts of physical coercion and intimidation on said campuses against plaintiffs which deprived plaintiffs of the rights and privileges set forth in paragraph 9 above.

"Said actions discriminatorily deprived plaintiffs of their rights of free speech, free inquiry, free thought, and free assembly, all in violation of Amendments 1 and 14 of the Constitution of the United States."

The second cause of action refers to certain regulations of the university ("Exhibit A") and then adds the following in paragraph 14 of the complaint:

"By causing, permitting to be caused and acquiescing in the continuation of the actions resulting as described in paragraph 11, above, one or more of the defendants and their agents acted in a manner directly contrary to the laws set forth in Exhibit A and so acted under color of law thereby denying plaintiffs the exercise of their rights and privileges and denying them equal protection of the laws without due process in violation of Amendment 14 of the Constitution of the United States."

The third cause of action sounds in contract. It alleges (paragraph 16) that the university "expressly or impliedly offered the following to plaintiffs in return for their payment of tuition and fees"; a list of academic services are then enumerated. It is also averred that "the defendants and their agents breached their agreement * * *" in certain respects which are described in paragraph 18; all of these items relate to the defendants' alleged failure to provide the plaintiffs with an opportunity to pursue their continued education.

It is my opinion that the first two causes of action fail adequately to state a civil rights claim and that there is no jurisdiction for the court to entertain the third cause of action.

■ On this motion to dismiss, the court must determine whether the first two causes of action qualify as civil rights complaints. I am persuaded that the first and second causes of action do not sufficiently allege facts to show that rights and privileges secured to the plaintiffs by the first and fourteenth amendments and enforced by § 1983 have been denied to the plaintiffs by the defendants.

Paragraphs 9 and 11 of the complaint contain the assertion that the defendants' actions "discriminatorily deprived plaintiffs of their rights of free speech, free inquiry, free thought and free assembly", but such charge is a mere conclusion. There is no logical nexus between the conclusion and the statement of facts set forth in the first cause of action. Similarly, in the second cause of action, the plaintiffs conclude in paragraph 14 that they were denied equal protection of the laws by the defendants. There is a gap, too, between this conclusory assertion and the facts asserted in the second cause of action.

In Borchlewicz v. Partipilo, 44 F.R.D. 540, 542 (E.D.Wis.1968), this court stated:

"A civil rights complaint requires factual allegations, not conclusions or broad generalizations. Negrich v. Hohn, 379 F.2d 213 (3rd Cir. 1967); Birnbaum v. Trussell, 347 F.2d 86 (2d Cir. 1965)."

A similar expression is found in Bufalino v. Michigan Bell Telephone Company, 404 F.2d 1023 (6th Cir. 1968), cert. denied 394 U.S. 987, 89 S.Ct. 1468, 22 L.Ed.2d 763 (1969), where the court said (at p. 1029):

"Jurisdiction is not conferred on a federal court in a non-diversity case by

mere conclusory allegations that one's constitutional or civil rights have been violated."

Another civil rights case in which an analogous ruling was made is Rodes v. Municipal Authority, 409 F.2d 16, 17 (3rd Cir. 1969), cert. denied 396 U.S. 861, 90 S.Ct. 133, 24 L.Ed.2d 114 (1969), rehearing denied, 396 U.S. 950, 90 S.Ct. 377, 24 L.Ed.2d 256 (1969), where the court held:

"A plaintiff is required to set forth alleged misconduct and resultant harms in a way which will permit an informed ruling whether the wrong complained of is of federal cognizance. Mere conclusionary allegations that unspecified constitutional rights have been infringed will not suffice."

In paragraph 9 of the complaint, the plaintiffs assert that upon paying tuition, they were granted the right "to pursue an education at the University"; and in paragraph 11, it is charged that this right was denied to the plaintiffs by the defendants. Whether an education is a privilege or a right, the plaintiffs contend that the denial of the right to *continue* in the educational process is a denial of a constitutional right. However, I find that there is a major hiatus between the rights claimed in paragraph 9 (e. g. "to pursue an education"; to attend classes in study courses"), and the conclusion that the plaintiffs were deprived of "free speech, free inquiry, free thought, and free assembly".

The third cause of action cannot stand by itself in the absence of either the first or second cause of action. There is an obvious lack of diversity of citizenship in the case at bar, and it is also likely that the amount in controversy is less than $10,000 as to any individual plaintiff. See Snyder v. Harris, 394 U.S. 332, 89 S.Ct. 1053, 22 L. Ed.2d 319 (1969). There is no jurisdiction in this court over the third cause of action under 28 U.S.C. § 1343 since it alleges a breach of contract. McManigal v. Simon, 382 F.2d 408 (7th Cir. 1967); Ream v. Handley, 359 F.2d 728 (7th Cir.

1966). The third cause of action belongs in a state court. See Elmwood Properties, Inc. v. Conzelman, 418 F.2d 1025 (7th Cir. 1969), cert. denied 397 U.S. 1063, 90 S.Ct. 1498, 25 L.Ed.2d 684 (1970).

The third cause of action does not qualify for federal jurisdiction on its own merits; it cannot be maintained under the doctrine of pendent jurisdiction because the other two causes of action are to be dismissed. It follows that the third cause of action must also fall for want of federal jurisdiction.

Now, therefore, it is ordered that the defendants' motion for dismissal of the plaintiffs' complaint be and hereby is granted.