John N. FLOOD, M.D., Plaintiff,

v.

John MAEGIS, Jr., Stephen Horvath, Jr., John Kroes, Donald Boutell, Edward Krivsky, Virginia Healy, Attorney Kenneth Hostak, Sheriff Joseph Blessinger, Does One Through Ten, and Town of Caledonia, a Municipal Corporation, Defendants.

No. 70–C–110.

United States District Court,
E. D. Wisconsin.

Jan. 15, 1971.

John N. Flood, pro se.

Harold D. Gehrke, Corp. Counsel, Racine County, Racine, Wis., for Sheriff Blessinger.

Prosser, Zimmermann, Wiedabach, Koppa & Quale, by John E. Feldbruegge, Milwaukee, Wis., for Kenneth Hostak.

Foley, Capwell, Foley & Seehawer, by Robert A. Christensen, Racine, Wis., for other defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff, a resident of California, brings this action against certain present and former officials of the town of Caledonia, Racine County, Wisconsin, and others, including the sheriff of Racine County. This decision will consider various motions now before the court.

The complaint states that the plaintiff operated a mobile home park in Caledonia from 1948 to 1966. In 1964, the town board allegedly refused to renew the plaintiff's license to operate the park, and in 1969 the park property was sold at a sale conducted by the defendant sheriff. This court's jurisdiction is invoked under 28 U.S.C. §§ 1331, 1332 and 1342, and 42 U.S.C. §§ 1981, 1982, 1983 and 1985.

Although the plaintiff, who appears pro se, relies on § 1342, such section appears to be inapplicable. Section 1342 provides for enjoining the enforcement of a state rate order, and the plaintiff must allege that he falls within one of the statute's exceptions. 2A Moore, Federal Practice ¶ 8.09[1], at 1647 (1968). It is probable that the plaintiff intended, instead, to proceed under 28 U.S.C. § 1343, which gives this court jurisdiction to hear actions in which the deprivation of civil rights is alleged.

■■ On two previous occasions, the plaintiff herein has been obliged to amend his complaint. In my opinion, however, the plaintiff's erroneous reference to § 1342 is not fatal to his complaint. The pleadings of one who pleads pro se for the protection of civil rights should be liberally construed. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L. Ed.2d 80 (1957); Kelly v. Butler County Bd. of Com'rs, 399 F.2d 133 (3d Cir.1968); Weaver v. Pate, 390 F.2d

145 (7th Cir.1968); Eaton v. Bibb, 217 F.2d 446, 448 (7th Cir.1954), cert. denied, 350 U.S. 915, 76 S.Ct. 199, 100 L.Ed. 802 (1955); Rule 8(f), Federal Rules of Civil Procedure.

The civil rights statutes relied upon by the plaintiff create causes of action for the redress of certain wrongs. Under the allegations of the present complaint, 42 U.S.C. §§ 1981 and 1982 are inapplicable, and only §§ 1983 and 1985 need be considered for the purposes of the present action. Jones v. Alfred H. Mayer Co., 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968); Tyler v. Russel, 410 F.2d 490 (10th Cir.1969); Daly v. Pedersen, 278 F.Supp. 88 (D.C.Minn. 1967).

All of the defendants have moved to dismiss and for increased security for costs. The plaintiff has moved for summary judgment and to strike an allegedly defective affidavit of one of the defendants. In addition, some of the defendants have asked that this action be abated pending the outcome of certain state court proceedings, and the defendant sheriff has moved, in the alternative, for a more definite statement. The motions to dismiss will be considered first.

The broad thrust of Dr. Flood's claims is contained in paragraph 5 of the complaint, where it is stated:

"That the defendants acted 'under color of' Wisconsin State Statutes 66.058 and Town of Caledonia Ordinance 3.05, regulating mobile homes and mobile home parks. That the defendants used their official positions and acted in the name of the Town of Caledonia. That the individual defendants conspired together to deprive, preclude, hinder, circumvent, abrogate, and harass the plaintiff in his constitutional rights to due process of law, and equal protection of the laws, the right to contract, the right to own, lease, and sell real property, the right to be free from unconstitutional searches and seizures, the right to prior notice and a fair and impartial hearing, the right to a renewal license in the absence of

prior charges filed, and a hearing thereon, the right of privacy and the right to be safe and secure in his person and property, the right to be free from official fraud and deceit, and the right to be free from defamation, and the right to be free from the abuse of the legal process, and other privileges, immunities, and rights guaranteed to him as a United States Citizen by the United States Constitution, including Article 4, section 2, the 14th Amendment thereto, and other federal laws and statutes including 42 USC 1983 and others. That the individual defendants discriminated invidiously, intentionally, and maliciously against the plaintiff, and stated publicly that their objective was to destroy the plaintiff."

This remarkable mélange of allegations, as expanded in subsequent paragraphs of the complaint, can best be divided into eight separate areas, each of which will be discussed individually.

I.

Paragraph 7 of the complaint charges that several of the defendants "invaded" the plaintiff's attorney-client relationship. There is nothing in the complaint, however, to illustrate the circumstances surrounding the accomplishment of this alleged act. This claim is nothing more than the plaintiff's conclusion, unsupported by any factual statement and is not admitted by a motion to dismiss. See Hess v. Petrillo, 259 F.2d 735, 736 (7th Cir.1958), cert. denied, 359 U.S. 954, 79 S.Ct. 743, 3 L.Ed.2d 761 (1959); Borchlewicz v. Partipilo, 44 F.R.D. 540, 542 (E.D.Wis.1968). As was stated in Friedman v. Younger, 46 F.R.D. 444, 446 (C.D.Cal.1969):

"It is well established that in an action for damages against public officials under the Civil Rights Act, the plaintiff must allege highly specific facts to defeat a Motion to Dismiss. Agnew v. City of Compton, (CACal. 1956) 239 F.2d 226, cert. denied 353 U.S. 959, 77 S.Ct. 868, 1 L.Ed.2d 910."

In a recent decision, this court considered the need for particularization of facts in a civil rights complaint. In Weise v. Reisner, 318 F.Supp. 580 (E. D.Wis.1970), the court stated at pages 583 and 584:

"There are a number of other recent decisions which have indicated that a civil rights complaint may be dismissed when it contains only conclusory allegations. Thus, in Valley v. Maule, 297 F.Supp. 958 (D.Conn. 1968), the court dismissed the complaint and stated at p. 960:

'* * * plaintiff must specify with "at least some degree of particularity" the overt acts which defendants allegedly engaged in * * *.'

'* * *

'* * *

"The same point of view was set forth in Bufalino v. Michigan Bell Telephone Company, 404 F.2d 1023 (6th Cir.1968), cert. denied 394 U.S. 987, 89 S.Ct. 1468, 22 L.Ed.2d 763 (1969), wherein the court made the following statement at p. 1029 of 404 F.2d:

'Jurisdiction is not conferred on a federal court in a non-diversity case by mere conclusory allegations that one's constitutional or civil rights had been violated.'"

■ In Asher v. Harrington, 318 F. Supp. 82 (E.D.Wis.1970), the court also noted the requirement that a civil rights complaint be specific in its factual assertions. The court of appeals for this circuit very recently stated in Metcalf v. Ogilvie, 436 F.2d 361 (7th Cir. 1970):

"In order to state a cause of action under the Federal Civil Rights Act a complaint must set forth more than bare unsupported conclusionary allegations in support of constitutional deprivation. Ortega v. Ragen, 7 Cir., 216 F.2d 561, 563 (1954). In liberally construing a *pro se* pleading, as we do here, we conclude the district court was correct in finding that the complaint failed to state a cause of action. In so failing, plaintiff failed to

present a substantial constitutional question."

■ Furthermore, the rights and privileges accruing from the attorney-client relationship are matters of statutory law in Wisconsin. See § 885.22, Wis.Stats. (1967); Baird v. Koerner, 279 F.2d 623 (9th Cir.1960); Davis v. Foreman, 251 F.2d 421 (7th Cir.1958), cert. denied, 356 U.S. 974, 78 S.Ct. 1137, 2 L.Ed.2d 1148 (1958). Violation of a state law does not automatically give rise to a cause of action under the civil rights acts. Ortega v. Ragen, 216 F.2d 561, 562 (7th Cir.1954). It is only when such violation results in the infringement of a federally protected right that a cause of action may be said to exist. Screws v. United States, 325 U.S. 91, 108, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945); Sigler v. Lowrie, 404 F.2d 659, 662 (8th Cir.1968), cert. denied, 395 U. S. 940, 89 S.Ct. 2010, 23 L.Ed.2d 456 (1969).

■ In addition, the plaintiff's claim asserted in paragraph 7 is no more cognizable under 28 U.S.C. § 1331 than it is under the civil rights statutes, for it does not rise to the level of a substantial federal question so as to give this court jurisdiction over it. See, e.g., Baird v. Koerner, supra, and Annot., 95 A.L.R.2d 320 (1964). For these reasons, the contentions contained in paragraph 7 of the complaint must fail.

## II.

Paragraphs 8, 9, 20, 21, and 25 allege that the defendants misused the state courts to deprive the plaintiff of certain of his constitutionally protected rights. In particular, he contends that the defendants fraudulently and deceitfully made use of false and fabricated statements of fact and law to subject the plaintiff, on occasion, to "sham" trials that resulted in "triggered" state court judgments.

These portions of the complaint are replete with conclusionary allegations that are devoid of factual support, and, like the claim referred to in section I, cannot withstand the defendants' motion

to dismiss. In Rodes v. Municipal Authority, 409 F.2d 16 (3d Cir.1969), cert. denied, 396 U.S. 861, 90 S.Ct. 133, 24 L. Ed.2d 114 (1969), the court stated at page 17 of 409 F.2d:

"A plaintiff is required to set forth alleged misconduct and resultant harms in a way which will permit an informed ruling whether the wrong complained of is of federal cognizance. Mere conclusionary allegations that unspecified constitutional rights have been infringed will not suffice. The requirement of specificity is particularly important in such a case as this in order that the Civil Rights Act not be misused as a device for federal review of a state court judgment, or for litigating state law claims cognizable only in the state courts."

The present case can be distinguished from one like Spires v. Bottorff, 317 F. 2d 273 (7th Cir.1963), where, under allegations somewhat related to those in the case at bar, the court held that a cause of action under § 1983 was stated. However, in *Spires* the plaintiff submitted sufficient facts, by way of exhibits to his complaint, to permit the maintenance of the action against the defendants. See also Johnson v. Stone, 268 F. 2d 803 (7th Cir.1959); Bottone v. Lindsley, 170 F.2d 705 (10th Cir.1948), cert. denied, 336 U.S. 944, 69 S.Ct. 810, 93 L.Ed. 1101 (1949). The cases cited by the plaintiff in the present action are on point only to the extent of indicating that an action, when properly pleaded, may be maintained to set aside a judgment procured by fraud. See, e.g., O'Boyle v. Bevil, 259 F.2d 506, 514 (5th Cir.1958).

### III.

Paragraph 12 of the complaint alleges that, on the strength of an "oral gentlemen's agreement" with some of the defendants, the plaintiff purchased additional land and installed a "lift station" at considerable expense. The defendants allegedly were then to allow the plaintiff to add 100 mobile home spaces to his park. The plaintiff contends the de-

fendants violated this agreement when they failed to renew his license.

Actions based on contract normally are not cognizable by §§ 1983 and 1985, for the civil rights acts are limited to the redress of deprivation of constitutional rights. Pudlik v. Public Service Co., 166 F.Supp. 921, 925 (D. C.Colo.1958). Furthermore, jurisdiction to hear this claim of the plaintiff's may not be predicated upon 28 U.S.C. § 1331 because the allegation does not attain the stature of a substantial federal question. As stated in Eickof Construction Co. v. Great Northern Ry. Co., 291 F. Supp. 44, 48 (D.C.Minn.1968), "The substance of the complaint sounds in * * * breach of contract, [an action] which ordinarily [is] not within the favor of federal question jurisdiction." See also Collidotronics, Inc. v. Stuyvesant Ins. Co., 209 F.Supp. 978, 982 (E.D. Pa.1968), aff'd 412 F.2d 1186 (3d Cir. 1969). There is no allegation in the complaint to indicate that this court must resort to a construction of the United States Constitution, laws or treaties to resolve the plaintiff's claim of breach of contract. See Annot., 12 A.L. R.2d 1, at 21 (1950).

In Asher v. Harrington, 318 F.Supp. 82 (E.D.Wis.1970), this court stated:

"* * * There is no jurisdiction in this court over the third cause of action under 28 U.S.C. § 1343 since it alleges a breach of contract. McManigal v. Simon, 382 F.2d 408 (7th Cir.1967); Ream v. Handley, 359 F.2d 728 (7th Cir.1966). The third cause of action belongs in a state court. See Elmwood Properties, Inc. v. Conzelman, 418 F.2d 1025 (7th Cir.1969), cert. denied 397 U.S. 1063, 90 S.Ct. 1498, 25 L.Ed.2d 684 (1970)."

Jurisdiction, if any, as to the claim alleged in paragraph 12 would have to be based on diversity of citizenship, provided for by 28 U.S.C. § 1332. The allegations necessary to support an action for breach of contract in a federal court are set forth in Marquardt-Glenn Corp. v. Lumelite Corp., 11 F.R.D. 175 (S.D. N.Y.1951); the complaint in the present

action fails to make all the necessary allegations as described in the latter case.

As has already been noted, the plaintiff is pleading pro se and, as such, is entitled to considerable latitude. See Rule 8(f), Federal Rules of Civil Procedure; Hartman Electrical Mfg. Co. v. Prime Mfg. Co., 9 F.R.D. 510 (E.D.Wis. 1949). However, as also noted earlier, the present complaint represents the third attempt to state his claim and, in my opinion, the plaintiff should not be given the opportunity again to amend his complaint. Because paragraph 12 fails to state an actionable claim in this court, the motions to dismiss as to this allegation must be granted.

### IV.

In paragraph 18 of the complaint, the plaintiff states:

"Defendants Hostak in July of 1965 advised Defendant Horvath to swear out a warrant for the arrest of plaintiff in the face of a valid court restraining order prohibiting that very thing. Plaintiff was arrested and incarcerated in violation of his rights."

This allegation, like one in paragraph 20 which charges that the defendants conspired to, and conducted, an unconstitutional search and seizure of the plaintiff's property, does not state enough facts to withstand the defendants' motion to dismiss. In a properly drawn complaint, a claim may be stated under the civil rights statutes for arrest and detention in violation of fourteenth amendment rights. Joseph v. Rowlen, 402 F.2d 367 (7th Cir.1968). However, no facts are given regarding the alleged restraining order, short of the contention that it prohibited the plaintiff's arrest; the conclusion that the arrest violated the plaintiff's rights provides no substance upon which this court can act. Reinke v. Walworth County Sheriff, 282 F.Supp. 377 (E.D.Wis.1968).

It is possible that the allegation in paragraph 18 is made pursuant to this court's diversity jurisdiction. If this were so, the defendants correctly point out that the claim would then be barred by the state statute of limitations. § 893.21(2), Wis.Stats. (1967). See Oosterwyk v. Corrigan, 19 Wis.2d 464, 120 N.W.2d 620 (1963), cert. denied, 375 U.S. 892, 84 S.Ct. 168, 11 L.Ed.2d 119 (1963).

I find that paragraph 18 is insufficient and must be dismissed.

### V.

Paragraph 19 of the complaint avers that several of the defendants "unlawfully interfered" with several contracts allegedly benefitting the plaintiff. In particular, the plaintiff contends, on one occasion one defendant actually contacted a prospective purchaser of the mobile home park and "killed the deal."

No further facts are stated in the complaint, but it appears that the plaintiff is attempting to state a claim for the tort of procuring the breach of contract. Again, the sole basis for jurisdiction to hear this claim would have to stem from diversity of citizenship. Wisconsin law recognizes a cause of action for wrongful interference with a contractual right. See Mendelson v. Blatz Brewing Co., 9 Wis.2d 487, 101 N.W.2d 805 (1960); Bitzke v. Folger, 231 Wis. 513, 286 N.W. 36 (1939); Johnson v. Aetna Life Ins. Co., 158 Wis. 56, 147 N.W. 32 (1914). See also Arkansas v. Texas, 346 U.S. 368, 369, 74 S.Ct. 109, 98 L.Ed. 80 (1953) and Annot., 26 A.L.R.2d 1227 (1952).

In my opinion, paragraph 19 fails to state a valid federal claim. The statement that several of the defendants "unlawfully interfered with contracts benefitting the plaintiff during 1964, 1965, 1966, 1967, 1969" is nothing more than a conclusion. The contracts are not set out and no inkling is given of the actual conduct on the part of any of the defendants that constituted intentional, wrongful interference with the contracts' performance.

The allegation that the defendant Hostak contacted the party to the plaintiff's executed lease-sale agreement and "killed the deal" is not sufficient because it does not identify any

wrongful conduct; also, it fails to aver that the act, even if wrongful, was done intentionally. Under Mendelson v. Blatz Brewing Co., 9 Wis.2d 487, 101 N.W.2d 805 (1960), such intention is an essential element of the cause of action for interference with a contract.

In Donovan Construction Co. v. General Electric Co., 133 F.Supp. 870 (D.C. Minn.1955), the court stated at page 874:

"The difficulty with plaintiffs' complaint * * * arises because as an indispensable condition precedent to liability by reason of interference with the performance of one's contract to the damage of the promisee, an *intention* to effect such result by the interferor must be alleged. Mere negligence in interfering with another's contract rights will not sustain the cause of action for damages. * * * There are a multitude of cases which sustain the principle that, as an indispensable condition precedent to liability for interference with the performance of one's contract, there not only must be knowledge of the contract, but there must be an intentional interference therewith."

I hold that the plaintiff's claim in paragraph 19 must fail.

## VI.

In several paragraphs of his complaint, the plaintiff asserts that his property was taken without due process of law. Paragraph 10 alleges that certain of the defendants violated § 66.-058(3) (c), Wis.Stats., by "arbitrarily" raising the mobile home parking permit fees applicable to the plaintiff's park. Paragraph 11 charges that in 1961 the fees were arbitrarily raised again, this time without the postings and hearings required by state statutes. As a result of these alleged violations, the plaintiff contends in paragraph 12 that he was coerced into paying over $18,000 in illegal fees for which he was given no receipt, again allegedly in violation of state law. In addition, in paragraphs 15 and 16 the plaintiff charges that in 1964

certain of the defendants further violated state law and his constitutional rights in preventing the renewal of his license to operate his park. It is my conclusion that the instant complaint, fairly construed, does not state a claim in any of these paragraphs.

Generally speaking, the civil rights acts do not provide a cause of action for the protection of property rights. In Hague v. CIO, 307 U.S. 496, 531, 59 S.Ct. 954, 971, 83 L.Ed. 1423 (1939), Justice Stone, in a separate opinion, stated that "whenever the right or immunity is one of personal liberty, not dependent for its existence upon the infringement of property rights", § 1343 is appropriately invoked.

Claims like the one in the present action have been held barred from assertion under § 1343 and the civil rights acts. In Ream v. Handley, 359 F.2d 728, 731 (7th Cir.1966), the court stated:

"The controlling authority * * * seems to hold that the civil rights statutes * * * do not confer jurisdiction where a person seeks only to protect property or monetary rights. Holt v. Indiana Manufacturing Company, 176 U.S. 68, 72, 20 S.Ct. 272, 44 L.Ed. 374 (1900); Hague v. Committee for Industrial Organization, 307 U.S. 496, 531, 59 S.Ct. 954, 83 L.Ed. 1423 (1939); Abernathy v. Carpenter, W.D.Mo., 208 F.Supp. 793, 794 (1962), aff'd, 373 U.S. 241, 83 S.Ct. 1295, 10 L.Ed.2d 409 (1963)."

See also Elmwood Properties, Inc. v. Conzelman, 418 F.2d 1025 (7th Cir. 1969), cert. denied, 397 U.S. 1063, 90 S. Ct. 1498, 25 L.Ed.2d 684 (1970) and Howard v. Higgins, 379 F.2d 227, 228 (10th Cir.1967).

The fact that no claim is stated under the civil rights acts, however, does not necessarily mean that no substantial federal question is presented. Thus, it is necessary to look to § 1331 for a possible jurisdictional basis.

At the heart of the plaintiff's claims that the defendants took his property without due process of law is

the contention that, in doing so, the defendants violated state law with regard to hearings and postings. Such an argument runs headlong into the decision in Barney v. New York, 193 U.S. 430, 24 S.Ct. 502, 48 L.Ed. 737 (1904), where the supreme court held that actions arising out of alleged violations of state law by public officials that result in the claimed deprivation of due process are matters for the state courts. See Annot., 13 A.L.R.2d 390, 456 (1950).

*Barney* has often been criticized and its scope much restricted. See Snowden v. Hughes, 321 U.S. 1, 13, 64 S.Ct. 397, 88 L.Ed. 497 (1944), and East Coast Lumber Terminal v. Town of Babylon, 174 F.2d 106 (2d Cir.1949). In *East Coast Lumber Terminal*, the court stated, however, at page 109:

> "The Fourteenth Amendment is directed against the action of states; and a state can act only through human agents, who, even though they are its officials, may of course exceed their authority upon occasion. If they do, they will not be able to justify under the state law, and ordinarily anyone injured by them will have a remedy. When that remedy is adequate * * * the injured party need not invoke the Amendment. Indeed, there is no basis for doing so, because by hypothesis the official's action has not been the action of the state."

The court also stated:

> "The choice lies between deciding the state issues along with the federal ones; retaining the federal issues undecided until a state court has decided the state issues; and dismissing the action, a course which would deny the whole jurisdiction."

Other cases have denied jurisdiction in situations similar to the one at bar without reference to *Barney* and its progeny. See Berry v. Ringgold County, 43 F.2d 169 (S.D.Iowa 1929); see also Lavasek v. White, 339 F.2d 861 (10th Cir.1965).

 In my opinion, the plaintiff's claims that the defendants' violations of state law have resulted in the deprivation of property without due process of law do not state a substantial federal question so as to give this court jurisdiction under § 1331. This conclusion, however, might be different if the alleged acts were authorized or approved by state law; this, however, is not the tenor of the plaintiff's complaint.

## VII.

The only references to allegedly wrongful acts of the defendant sheriff are contained in paragraphs 24 and 26 of the complaint. Paragraph 24 asserts that "various criminal acts were called to the attention" of the sheriff and that he "refused to enforce the law." Paragraph 26 contends that the plaintiff's park property was sold by the sheriff in October, 1969, without prior notice to the plaintiff and that the sheriff "fails, and has refused to give the plaintiff information on the alleged sale of the plaintiff's property."

 It is true that in paragraph 5 and elsewhere in his complaint the plaintiff alleges that the defendants have acted pursuant to a conspiracy—and conspiracy is at the heart of 42 U.S.C. § 1985. As for the plaintiff's claims in paragraph 24, however, there is no assertion that the sheriff's alleged refusal was the overt act necessary to have a cause of action under § 1985. See Hoffman v. Halden, 268 F.2d 280, 295 (9th Cir. 1959). Furthermore, as stated in Huey v. Barloga, 277 F.Supp. 864, 871 (N.D.Ill.1967), "[It] is necessary to allege a purposeful intent to discriminate in order to assert an action for civil conspiracy under section 1985." No such allegation is found in paragraph 24 and I hold that no claim is stated under § 1985.

In spite of the allegation that the sheriff "refused" to act, this contention does not support a claim under § 1983 upon which relief can be granted. Cf. Huey v. Barloga, 277 F.Supp. 864, 872 (N.D.Ill.1967). The complaint in paragraph 24 is devoid of the needed specificity to constitute a valid claim under the civil rights acts. We may not properly assume that the "various criminal

acts" referred to are the medley of wrongs recited earlier. No times or dates are given. All alleged misconduct is stated in the passive voice, without identifying who did any of the acts or who called the sheriff.

In my opinion, the allegations in paragraph 24 are insufficient to withstand the sheriff's motion to dismiss.

■ Notwithstanding my conclusion that the complaint fails adequately to allege a cause of action against the sheriff under the civil rights acts, it is noted that the sheriff is not immune as a matter of law from liability under § 1983. While certain legislative and judicial officers enjoy the immunity the sheriff argues should extend to him, police officers have been held subject to liability for bad-faith acts done in derogation of the civil rights of others. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288, (1967); Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Stringer v. Dilger, 313 F.2d 536 (10th Cir.1963); Huey v. Barloga, 277 F.Supp. 864 (N.D.Ill.1967).

■ Were it not for a different type of immunity, the sheriff would be required to respond to the allegations of paragraph 26 of the complaint. That paragraph states a cause of action, although not under the civil rights statutes. In paragraph 26, there is no averment that in failing to give the plaintiff notice of the sale of his property, the sheriff violated a state law. Indeed, the exhibits attached to the sheriff's brief suggest that he complied with applicable state statutes. However, a line of cases extending from Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), indicate that compliance with state law as to the giving of notice may be insufficient to meet the demands of fourteenth amendment procedural due process. See Schroeder v. City of New York, 371 U.S. 208, 83 S.Ct. 279, 9 L.Ed.2d 255 (1962), and Walker v. City of Hutchinson, 352 U.S. 112, 77 S.Ct. 200, 1 L.Ed.2d 178 (1956).

■ However, while paragraph 26 would otherwise state a cause of action, the sheriff enjoys immunity as to the claim therein. There is no implication that he acted in bad faith or in excess of his powers granted by law. Good faith adherence to a law, however bad, is sufficient to protect the sheriff from liability in the performance of his ministerial duties. See Steinpreis v. Shook, 377 F.2d 282 (4th Cir.1967), cert. denied 389 U.S. 1057, 88 S.Ct. 811, 19 L.Ed.2d 858 (1968).

I conclude that paragraph 26, as well as paragraph 24, must fail.

## VII.

■ Paragraphs 17 and 23 of the complaint purport to state a claim for libel and slander under 28 U.S.C. § 1332. The substantive aspects of a diversity suit based on libel and slander are governed by Wisconsin law. Wheeler v. Dell Publishing Co., 300 F.2d 372, 375 (7th Cir.1962); De Husson v. Hearst Corp., 204 F.2d 234, 236 (7th Cir.1953). However, the pleading of an action for defamation is governed by the federal rules of civil procedure. Altoona Clay Products, Inc. v. Dun & Bradstreet, Inc., 367 F.2d 625 (3d Cir.1966). Thus, a considerable latitude has sometimes been granted in determining whether a complaint states a claim for libel and slander upon which relief can be granted. See Garcia v. Hilton Hotels International, Inc., 97 F.Supp. 5 (D.C.P.R.1951).

The statements alleged in paragraph 17 are not slanderous or otherwise actionable, and that paragraph fails to state a cause of action even under the liberal rules referred to above.

Paragraph 23 contains statements which could be libelous, but they are barred by the applicable Wisconsin statute of limitations. Section 893.21, Wis. Stats. (1967). This action was commenced in February, 1970; the period of limitations for libel and slander is two years. The only actionable portions of paragraph 23 relate to defamation alleged to have occurred in 1964, 1965 and

1966. Upon the face of the complaint, the claims are barred, as the defendants have urged in their brief.

There are portions of paragraph 23 which describe conduct in 1968 and 1969, but those portions describe non-actionable transactions. Thus, paragraph 23 states:

"* * * That defendant John Kroes wrote, signed, and mailed to the Caledonia Voice Journal a letter, signed '(s) John Kroes, Supervisor, Town of Caledonia', containing false and defamatory matter and the letter was published March 14, 1968."

At another point in paragraph 23, the complainant charges:

"* * * That the yearly tax statement sent to taxpayers by defendant Krivsky in the Town of Caledonia called their attention to 'Flood's Delinquent Fees' in 1967, 1968, 1969."

In my opinion, neither of the foregoing portions state a cause of action, and, although not within the grip of the limitations statute, they do not enable paragraphs 17 or 23 to resist the defendants' motion to dismiss.