Henry L. **WILLIAMS**, Plaintiff,

v.

Michael S. **WOLKE**, Sheriff and Deputy Sheriff G. **Erickson**, Defendants.

No. 78–C–800.

United States District Court,
E. D. Wisconsin.

Aug. 28, 1979.

---

Henry L. Williams, pro se.

Dean M. Horwitz, Asst. Corp. Counsel, Milwaukee, Wis., for defendants.

## MEMORANDUM AND ORDER

WARREN, District Judge.

■ This is a pro se civil complaint brought by the plaintiff, who is a resident of the Milwaukee County Jail. In his complaint, plaintiff alleges that he was injured in a fall in a wheel chair. Specifically, plaintiff claims that the defendant, Erickson, was taking plaintiff to the Milwaukee County Hospital for an eye examination, and on the way left plaintiff unattended in a wheel chair on a ramp leading to the garage of the county jail. Plaintiff claims that he rolled backwards and the wheel chair broke causing plaintiff to suffer injuries. In the complaint, plaintiff alleges that jurisdiction is based on 28 U.S.C. § 1332(a), diversity of citizenship, and 28 U.S.C. § 1343(3), civil rights jurisdiction.

Since plaintiff and defendants are apparently Wisconsin residents, there is no diversity of citizenship in this action, and 28 U.S.C. § 1332(a) is inapplicable. Therefore, jurisdiction in this Court, if any, exists pursuant to 28 U.S.C. § 1343, the civil rights jurisdiction statute.

■ Besides alleging that this is a diversity action, plaintiff also alleges that this is an action to redress claimed deprivations of plaintiff's constitutional rights pursuant to 42 U.S.C. § 1983. Defendant has moved to dismiss this 1983 action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Defendants claim that this is a simple negligence action and, as such, does not rise to the level of a violation of plaintiff's constitutional rights.

Defendants cite the case of *Mullins v. City of River Rouge*, 338 F.Supp. 26 (E.D. Mich.1972), wherein the court held that, "Mere negligence is insufficient" to create liability under the civil rights statutes. This is apparently the standard followed by the Seventh Circuit Court of Appeals. *See Jamison v. McCurrie*, 565 F.2d 483 (7th Cir. 1977). *See also, Jenkins v. Averett*, 424 F.2d 1228 (4th Cir. 1970); *Hopkins v. County of Cook*, 305 F.Supp. 1011 (N.D.Ill.1969).

The above-cited cases indicate that mere negligence of a government employee does not give rise to liability under 42 U.S.C. § 1983. In his complaint, plaintiff pleads a simple case of negligence. The allegations of plaintiff's complaint do not claim that defendants acted with gross negligence or that they acted in reckless disregard of plaintiff's rights, as the cases above-cited indicate must be shown to support a claim under section 1983. In the above-referenced cases, the district courts had either granted judgment after a court trial or had directed verdicts. The question presented this Court is whether this action should be dismissed because plaintiff has merely pleaded simple negligence.

In this Court's opinion, this action must be dismissed because plaintiff has failed to state a claim upon which relief can be granted. The cases clearly indicate that in

order to recover for a deprivation of constitutional rights, a plaintiff must prove that the defendant's actions constituted more than mere negligence. Plaintiff's failure to plead with specificity the acts and conduct of the defendant, which allegedly rise to a level which show that plaintiff's constitutional rights were violated, is a technical flaw requiring dismissal of this action. In *Asher v. Harrington*, 318 F.Supp. 82, 84–85 (E.D.Wis.1970), Judge Gordon held that in a constitutional case, a plaintiff must plead facts indicating a constitutional violation rather than mere conclusions in order to sustain jurisdictional requirements. Judge Gordon quoted from *Bufalino v. Michigan Bell Telephone Co.,* 404 F.2d 1023 (6th Cir. 1968), *cert. denied,* 394 U.S. 987, 89 S.Ct. 1468, 22 L.Ed.2d 763 (1969), where the Court held:

> Jurisdiction is not conferred on a federal court in a non-diversity case by mere conclusory allegations that one's constitutional or civil rights have been violated. *Id.* at 1029.

The same reasoning was espoused in *Rodes v. Municipal Authority,* 409 F.2d 16 (3rd Cir. 1969), *cert. denied,* 396 U.S. 861, 90 S.Ct. 133, 24 L.Ed.2d 114 (1969), *rehearing denied,* 396 U.S. 950, 90 S.Ct. 377, 24 L.Ed.2d 256 (1969).

Here, since plaintiff's complaint alleges mere negligence, the complaint is fatally defective on a jurisdictional basis since he has failed to allege sufficient facts to confer jurisdiction upon this Court. In light of the foregoing, plaintiff's complaint must fall for lack of federal jurisdiction. However, since a court must construe a *pro se* complaint literally, *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), plaintiff's complaint is hereby dismissed unless, within twenty (20) days of the date of this order, plaintiff files an amended complaint setting forth specific factual allegations indicating that defendant Deputy Sheriff G. Erickson's actions constituted more than mere negligence.

Defendant Wolke has moved to dismiss on an alternative basis which motion must be granted on the basis of *Adams v. Pate*, 445 F.2d 105 (7th Cir. 1971). In *Adams* the Seventh Circuit Court of Appeals held:

> Where monetary damages, as distinguished from equitable relief, is sought under the provisions of the Civil Rights Act the doctrine of *respondeat superior* does not apply; personal involvement of the defendant is required. *Id.* at 107 n. 2.

In his complaint, plaintiff fails to allege that defendant Wolke was in any way personally involved. Plaintiff alleges neither that Wolke instructed Deputy Sheriff Erickson to permit the wheel chair to roll backwards, nor that this was done with defendant Wolke's knowledge and consent. Plaintiff's claim against Defendant Wolke must be dismissed for failure to allege personal involvement.

In light of the foregoing, plaintiff's complaint against Defendant Wolke must be and hereby is dismissed. Furthermore, plaintiff's complaint against Deputy G. Erickson, must be and hereby is dismissed unless, within twenty (20) days of the date of this order, plaintiff files an amended complaint with this memorandum and order.