**Charles A. ALLEN, et al.**

v.

**Commissioner M.J. BRODIE, et al.**

**Civ. No. Y–83–39.**

United States District Court,
D. Maryland.

Oct. 20, 1983.

---

Charles Allen, pro se.

Benjamin L. Brown, City Sol., Eugene A. Seidel, Asst. City Sol., Dept. of Law, Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

### JOSEPH H. YOUNG, District Judge.

Charles Allen, a *pro se* plaintiff, seeks to maintain a class action against the Baltimore City Commissioner of Housing and Community Development, the Mayor and City Council of Baltimore, and other City officials associated with Baltimore Urban Development and Rehabilitation Programs. Plaintiff's proposed class is composed of unemployed black city residents who are social service recipients living below the poverty line.[1]

Plaintiff alleges that the defendants are unlawfully discriminating against the class by preventing class members from purchasing deteriorated urban dwellings, which the City now owns and periodically sells for the purpose of renovation. The discrimination is purportedly being accomplished through two city loan programs,

**1.** The fact that the class includes blacks is not clearly stated, but is easily inferred. Throughout this Memorandum the Court finds itself in the position of making plaintiff's case for him.

**2.** Apparently, plaintiff's theory is that if more houses are put up for sale, poor City residents

Baltimore City Rehabilitation and Environmental Assistance Loan and Baltimore City Commercial Loan. Plaintiff also alleges that defendants have unlawfully failed to sell property owned by whites on which tax payments are deficient or for which Housing Code violations have not been remedied.[2] Plaintiff seeks an injunction and damages in the form of $500.00 and three deteriorated city owned dwellings. Pending are plaintiff's motion for class certification and defendants' motion to dismiss.

Plaintiff's motion for class certification will be denied. The ability to protect the rights of a class depends on the quality of counsel and the "competence of a layman representing himself" is "too limited to allow him to risk the rights of others." *Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir.1975). While the Court has discretion to appoint counsel for a class, for the reasons stated below this is not appropriate in this case.

Defendants' motion to dismiss must be granted. Plaintiff's complaint arguably falls within the class of complaints which might be dismissed as unmanageable, *Holsey v. Collins,* 90 F.R.D. 122 (D.Md.1981), but the Court believes the prudent course is to consider plaintiff's specific allegations. *Pro se* complaints are generally "held to less stringent standards than formal pleadings drafted by lawyers" and are generally not dismissed unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972). Plaintiff's memoranda have failed to show facts that would entitle him to relief.

### 1. Fourteenth Amendment

#### a. Due Process

The Civil Rights Act of 1871, 42 U.S.C. § 1983 ("§ 1983"), is available for plaintiffs

would have more opportunity to purchase houses (and thereby become home owners) assuming that they could qualify for City loans. This allegation is not addressed in the Memorandum as plaintiff has chosen not to develop this issue in his pleadings.

seeking redress for the alleged violation of rights guaranteed by the Constitution, such as the Fourteenth Amendment guarantee that life, liberty, and property will not be deprived without due process of law. Plaintiff alleges that the defendants have deprived him of property without due process.[3]

■ "The Fourteenth Amendment procedural protection of property is a safeguard of the security of interests that a person has already acquired in specific benefits." *Board of Regents v. Roth,* 408 U.S. 564, 576, 92 S.Ct. 2701, 2708, 33 L.Ed.2d 548 (1972). "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have a more than unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Roth,* 408 U.S. at 577, 92 S.Ct. at 2709. Plaintiff's allegation of a due process violation is rooted in an abstract desire to own property for which he has no legitimate claim of entitlement. He admits that he is unable to afford the City owned property, and acknowledges that he is unable to meet the criteria that the City has established to qualify for a loan. Plaintiff has failed to identify, or even suggest, any individual entitlement to City owned property.

■ Liberally read, plaintiff's complaint could be interpreted as asserting a deprivation of liberty without due process of law. *Paul v. Davis,* 424 U.S. 693, 710–11, 96 S.Ct. 1155, 1164–65, 47 L.Ed.2d 405 (1976), recognized that although the constitutionally protected interests of liberty and property are difficult to define, "[t]hese interests attain their protected status by virtue of the fact that they have been initially recognized and protected by state law." Much like the property interest, plaintiff has failed to identify a source for the interest in liberty that he believes is being infringed.

### b. Equal Protection

■ Plaintiff alleges that defendants' activities also violate his rights under § 1983 and the equal protection clause of the Fourteenth Amendment. Reading plaintiff's memorandum liberally, two equal protection arguments are made. Primarily, he contends that the defendants are discriminating against him on the basis of his financial status and argues that as a poor Baltimore resident he is unable to participate in the rehabilitation programs and thereby become a home owner. While it may be unfortunate that the defendants have chosen to tailor the programs in this fashion, such programs would only be unlawful if classifications based on wealth were suspect. The Supreme Court held in *San Antonio School District v. Rodriguez,* 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973), that classifications based on wealth are not suspect. Therefore, if defendants' programs have a rational relationship to a legitimate end of government they survive this constitutional hurdle. Certainly, the restoration and revitalization of urban housing is a legitimate governmental end and the programs in question bear a rational relationship to this end.

■ Plaintiff's complaint can also be read as suggesting that the defendants are discriminating against him and his proposed class because of race. Discrimination based on race is generally violative of the Fourteenth Amendment's equal protection clause. But again, plaintiff has failed to provide specific allegations of the alleged Fourteenth Amendment and Civil Rights violations. General allegations will not suffice. *See Friedman v. Younger,* 46 F.R.D. 444, 446 (C.D.Cal.1969); *Flood v. Margis,* 322 F.Supp. 1086 (E.D.Wis.1971).

### 2. The Civil Rights Acts

Plaintiff also contends that the defendants have violated various civil rights statutes, but fails to state a cause of action cognizable under any of these statutes.

---

**3.** Plaintiff actually alleges a general denial of life, liberty, and property without due process of law. The Court has reframed plaintiff's argument around the property and liberty aspects of due process.

*a. 42 U.S.C. § 1981 The Civil Rights Act of 1870 ("§ 1981")*

■ *Washington v. Davis*, 426 U.S. 229, 245, 96 S.Ct. 2040, 2050, 48 L.Ed.2d 597 (1976), a case brought under § 1981, resolved the question as to whether a racially neutral requirement for employment is discriminatory "simply because a greater proposition of Negroes fail to qualify than members of other racial or ethnic groups." In deciding the question in the negative, the Court held that a statute or policy designed to serve a racially neutral end is not unconstitutional solely because its impact is racially disproportionate. *Davis*, 426 U.S. at 239, 96 S.Ct. at 2047. Plaintiff presents an analogous situation in his complaint, by alleging that he was denied participation in the Baltimore Rehabilitation/Ownership Programs because his income is less than $17,000. While the effect of an income requirement for participation in the program may be a disproportionate impact on the poor and black, the purpose is racially neutral—the purpose being to insure speedy and successful renovation of property.

Again, plaintiff's complaint alleges a discriminatory impact, but fails to provide specific facts sufficient to suggest that defendants' policies are intentionally discriminatory and thus violative of § 1981.

*b. 42 U.S.C. § 3601 et seq. The Fair Housing Act of 1968 ("FHA")*

■ The Fair Housing Act was promulgated under the Thirteenth Amendment for the express purpose of providing, within constitutional limitations, fair housing throughout the United States. The FHA forbids public and private discrimination based on race, color, religion, sex, or national origin, in the sale or rental of property.

The Seventh Circuit, in *Metropolitan Housing Development Corporation v. Village of Arlington Heights*, 558 F.2d 1283, 1290 (7th Cir.1977), *cert. denied*, 434 U.S. 1025, 98 S.Ct. 752, 54 L.Ed.2d 772 (1978), held that "at least under some circumstances a violation of § 3604(a) can be established by a showing of discriminatory effect without a showing of discriminatory intent." The Court refused though "to conclude that every action which produces discriminatory effects is illegal." *Arlington Heights*, 558 F.2d at 1290.

*c. 42 U.S.C. § 2000d, Title VI of The Civil Rights Act of 1964*

■ Title VI of the Civil Rights Act of 1964 prohibits discrimination in federally assisted programs. Assuming *arguendo*, the possibility of federal assistance for these programs, the Court must determine whether a civil rights violation has occurred having a discriminatory effect. Plaintiff has again failed to allege any facts that enable his Title VI claim to survive defendant's motion to dismiss.

Accordingly, it is this 20th day of October, 1983, by the United States District Court for the District of Maryland, OR-DERED:

1. That plaintiff's motion for class certification BE, and the same IS, hereby DENIED;

2. That defendants' motion to dismiss BE, and the same IS, hereby GRANTED.