In re Harry L. CHILDRESS, Bankrupt.

Joyce A. CHILDRESS,
Plaintiff-Appellant,

v.

AURORA NATIONAL BANK, et al.,
Defendants-Appellees.

No. 86 C 4506.

United States District Court,
N.D. Illinois, E.D.

Dec. 30, 1986.

Arthur Sternberg, Pedersen & Houpt, Chicago, Ill., for plaintiff-appellant.

William W. Houck, Aurora, Ill., for defendants-appellees.

## MEMORANDUM OPINION AND ORDER

HOLDERMAN, District Judge:

Plaintiff Joyce Childress appeals from Bankruptcy Judge Eisen's dismissal of her adversary complaint. 59 B.R. 828. For the reasons set forth below, this court affirms the bankruptcy court and dismisses Ms. Childress' appeal.

## BACKGROUND FACTS

The debtor, Harry L. Childress ("debtor") filed his Chapter XII petition on March 20, 1979. The debtor filed his Amended Plan of Arrangement (the "Plan") on October 30, 1979. The Plan proposed to repay creditors 100% through the sale of two of the debtor's fractional interests in certain real property. Article II of the Plan provided:

> Petitioner's plan contemplates, however, the sale of certain real estate interests which will result in Federal tax liability and the plan hereinafter set forth will include the retention of sufficient funds to satisfy these tax liabilities.

The Plan stated that, as a result of the sale of the first interest in June, 1980, the debtor would be required to pay a federal tax of approximately $90,000. The Plan stated that, with respect to the sale of the second interest, the debtor would be liable for approximately $62,000 in federal taxes.

Article V of the Plan provided that the debtor would deposit the proceeds from the foregoing sales in a separate escrow account with a disbursing agent, to be disbursed pursuant to court order. Article V also provided that Class 1 priority creditors would be paid in full after payment in full to each of the two secured creditors. But Article V did not expressly provide for the retention of escrow funds to cover future tax liabilities generated by the real estate sales.

On December 5, 1979 the Bankruptcy Court confirmed the Plan. On April 3, 1980, Aurora National Bank, as disbursing agent, made disbursements pursuant to the Bankruptcy Court's order (which had not required the Bank to retain funds to pay the federal taxes). On April 17, 1980, a creditors' committee was established. The committee was composed of defendant Ralph Egeland, president of the Bank, and two other individuals.

On February 18, 1981, the creditors' committee filed a petition seeking authority for the disbursing agent to make a 100% disbursement to creditors (after payment of any fees and costs having priority under the plan) from the approximately $165,000 on hand. The court granted the committee's petition and further ordered that the sum of $5,000 be held until March 11, 1981 to cover contingencies. This sum, as well as all other funds currently held by the disbursing agent, would be released to the debtor if no further orders of court were entered before that date.

In April, 1981 the plaintiff and the debtor filed a joint return showing tax liability of $140,000 from the 1980 sales of property. In 1982 plaintiff and debtor were divorced. Plaintiff received their marital residence as part of the divorce property settlement.

Because the plaintiff and her husband could not pay the tax liability, the IRS levied on the marital residence. To save the home, the plaintiff and the debtor jointly borrowed $96,681.41 from the Bank and

in connection therewith, signed a one-year promissory note. The note, dated May 28, 1982, secured the loan with an assignment of the beneficial interest of the land trust holding the home. Both the debtor and the plaintiff defaulted on the note. The Bank instituted a state court foreclosure proceeding against both parties.

In the present action, plaintiff seeks to surcharge the Bank (by rescinding the promissory note and the assignment of the beneficial interest) and to recover actual and punitive damages and attorneys' fees. The plaintiff alleges that the Bank breached its fiduciary duty as a disbursing agent by failing to retain sufficient proceeds, at the time of the February, 1981 disbursements, to pay the federal tax liabilities.

The Bankruptcy Court treated Ms. Childress' adversary complaint as a motion under Fed.R.Civ.P. 60(b) for relief from its final judgment ordering Aurora National Bank to pay out the escrow funds to designated creditors.[1] Under Rule 60(b), a court can relieve a party or his legal representative from a final judgment for mistake, fraud or misconduct, if the motion is made within one year after entry of judgment.

The Bankruptcy Court noted that (1) Ms. Childress was married to the debtor when the Bankruptcy Court entered its disbursement order and (2) two months later (when Mr. and Ms. Childress filed their joint tax return), both knew of the $140,000 tax liability. Rather than seeking to vacate the disbursement order, in May, 1982, Mr. and Ms. Childress borrowed money to pay the tax liability. It was not until 1985, four years after the Bankruptcy Court entered its disbursement order, that Ms. Childress filed her adversary complaint. The Bankruptcy Court therefore held that Ms. Childress' motion was untimely. The Bankruptcy Court addressed and rejected Ms. Childress' claim that the bank had a duty to retain funds to pay the federal taxes.

---

1. The Bankruptcy Court noted that Rule 924 of the Bankruptcy Act makes Fed.R.Civ.P. 60 applicable to bankruptcy cases.

On appeal, Ms. Childress asserts that the Bankruptcy Court wrongly treated her complaint as a Rule 60(b) motion. She claims that the time bar of Rule 60(b) does not apply to her, as she is not a party to the bankruptcy court's final judgment. Ms. Childress also challenges the Bankruptcy Court's decision on the merits of her complaint.

## DISCUSSION

This court holds that Bankruptcy Judge Eisen correctly treated Ms. Childress' complaint as a Rule 60(b) motion. Ms. Childress' designation of her action as an "adversary complaint" is not dispositive.[2] This court looks instead to the substance of Ms. Childress' complaint.

In effect, Ms. Childress' complaint asked the Bankruptcy Court for relief from its disbursement order. The disbursement order required Aurora National Bank, as disbursement agent, to pay out the escrow funds to various creditors. Since Aurora National Bank merely followed the disbursement order (which did not mention payment of the federal tax liability), Ms. Childress is in effect asking for relief from an order which she believes was mistaken.

Ms. Childress claims that Rule 60(b) does not apply because she was not a party to the disbursement order. But Rule 60(b) relief is not limited to the parties to a final judgment; those in privity with a party can also seek relief under the rule. *See e.g. Dunlop v. Pan American World Airways, Inc.*, 672 F.2d 1044 (2d Cir.1982); *Western Steel Erection Co. v. U.S.*, 424 F.2d 737, 739 (10th Cir.1970). As debtor's

wife at the time the Bankruptcy Court entered its disbursement order and as co-debtor on the note to the Aurora National Bank, Ms. Childress is in privity with the debtor for the purposes of relief from the Bankruptcy Court's disbursement order.

Finally, the fact that Ms. Childress filed her complaint in the Bankruptcy Court, rather than in federal or state court,[3] suggests that she was seeking relief from that court's order. Ms. Childress claimed in her complaint that the Bankruptcy Court had jurisdiction by virtue of Sections 411 and 414 of the Bankruptcy Act.[4] These sections give bankruptcy courts jurisdiction over "the debtor and his property." For purposes of jurisdiction, therefore, Ms. Childress conceded either that she is the debtor or that the marital residence was the debtor's property in 1985, when Ms. Childress filed the present action. For purposes of this appeal, however, Ms. Childress claims that she was *not* a party to the bankruptcy proceeding and not in privity with the debtor. Having conceded that she is the co-owner of the debtor's property and therefore in privity with him, Ms. Childress cannot now claim that Rule 60(b) does not apply to her.

## CONCLUSION

For the foregoing reasons, this court believes that Bankruptcy Judge Eisen correctly characterized Ms. Childress' complaint as a Rule 60(b) motion and correctly dismissed it as untimely. The Bankruptcy Court is AFFIRMED and Ms. Childress' appeal is DISMISSED.

2. While ordinarily litigants seek relief from final judgments by a formal Rule 60(b) motion, courts have the power to give relief from final judgments by means other than a 60(b) motion. Wright and Miller, 11 *Federal Practice and Procedure* § 2865 at 226 (1973 ed.)

3. Ms. Childress could have sued in federal court under 31 U.S.C. § 3713 (assuming that she could demonstrate standing), *see e.g. United States v. Burczyk*, 556 F.2d 394 (7th Cir.1977). Alternatively, she could have brought a negligence suit against the disbursing agent in state court.

4. Section 411 provides that a bankruptcy court in which a petition is filed shall "for purposes of this chapter, have exclusive jurisdiction of the debtor and his property, wherever located." Section 414 provides that a bankruptcy court may "enjoin until final decree the commencement of suits against a debtor and may, upon notice for cause shown, enjoin until final decree the commencement of any proceeding to enforce any lien upon any property of a debtor."