**In the Matter of Harry L. CHILDRESS, Bankrupt.**

**Appeal of Joyce A. CHILDRESS, Plaintiff–Appellant,**

**v.**

**AURORA NATIONAL BANK, Ralph Egeland, and Harry L. Childress, Defendants–Appellees.**

**No. 87–1889.**

United States Court of Appeals, Seventh Circuit.

Argued Jan. 22, 1988.

Decided July 7, 1988.

Arthur Sternburg, Pedersen & Houpt, P.C., Chicago, Ill., for plaintiff-appellant.

James Jensen, North Aurora, Ill., for defendants-appellees.

Before WOOD, FLAUM, and MANION, Circuit Judges.

HARLINGTON WOOD, Jr., Circuit Judge.

This case began in 1979 as a Chapter XII Real Property Arrangement under the Bankruptcy Act of 1898, 11 U.S.C. §§ 1–1103 (repealed 1979). The plaintiff's former spouse, Harry L. Childress (the debtor), filed the bankruptcy petition, which the bankruptcy court approved. Defendant Aurora National Bank (the bank) through its president, Ralph Egeland, acted as disbursing agent in the bankruptcy.

Because the bank did not file a final account as required by section 2a(8) of the Bankruptcy Act, 11 U.S.C. § 11a(8), the case remained pending on February 20, 1985, when plaintiff filed her adversary complaint against the bankrupt, the bank, and Egeland. In her complaint, the plaintiff challenged the bank's failure to retain in escrow sufficient proceeds from the sale of two real property interests with which to pay the resulting taxes.

The bankruptcy court dismissed plaintiff's adversary complaint on April 17, 1986. 59 B.R. 828. The bankruptcy court ruled that the plaintiff's adversary complaint was barred under Federal Rule of Civil Procedure 60(b) and that the bank as disbursing agent did not owe plaintiff a duty to retain any sale proceeds in escrow with which to pay taxes.

The district court affirmed the bankruptcy court's dismissal of plaintiff's adversary complaint, agreeing that the complaint was more appropriately analyzed as a motion for relief under Federal Rule of Civil Procedure 60(b), and as such, was untimely. 68 B.R. 742 (1986). The district court made no finding as to whether the bank owed the plaintiff any duty to retain the sale proceeds for tax payments. The district court subsequently denied the plaintiff's motion for reconsideration. This appeal followed.

## I. FACTUAL BACKGROUND

The debtor's Amended Plan of Arrangement (the plan) proposed to fully repay all of his secured and unsecured creditors, as well as all priority expenses, through the sale of two interests in real property held by the estate. The plan estimated that the sales would result in a federal tax liability of $152,000 and provided at article II that sufficient sale proceeds would be retained to satisfy the tax liability.

Article V of the plan directed the bankrupt to deposit all proceeds from the sales of the two property interests in an escrow account held by the bank, the debtor's largest creditor. Because the debtor was required to deposit all sale proceeds in escrow for distribution by the bank, the bank held the only funds available to satisfy the tax liability generated in funding the plan. The plan noted that the property interests held in the estate produced no income. Article V, however, made no specific provision for the retention of funds in escrow for

payment of future tax liability except to provide that Class I priority claims would be paid in full after payment in full to each of the two secured creditors, one of which was the bank.

The two properties were apparently sold and the proceeds deposited in the escrow account. The creditors' committee, on which the bank sat, petitioned the bankruptcy court for authorization to disburse the escrowed funds among the creditors. The petition did not mention the estimated tax liability, but it requested that the creditors be paid pro rata after all fees and costs having priority under the plan were paid.

The bankruptcy court authorized the bank to disburse the funds to creditors on February 18, 1981. No accounting has been filed, and it is thus not clear how much money was received from the sales or how all of the money was used.

In April of 1981, the plaintiff and the debtor filed a joint federal tax return showing a tax liability of approximately $140,-000 resulting from the 1980 sales of the real property interests. Neither the plaintiff nor the debtor had the money to pay the tax liability. The IRS levied on their property, including the home a state court had awarded to plaintiff in connection with the dissolution of the Childresses' marriage.

To save the home, the plaintiff and the debtor jointly borrowed $96,681.41 from the bank with which to pay the tax liability. The loan was secured in part by an assignment of the beneficial interest in the land trust that held plaintiff's home. The plaintiff signed a one-year promissory note dated May 28, 1982. The plaintiff was unable to pay the note when it came due. The bank then filed a foreclosure proceeding against the plaintiff's home, but took a voluntary dismissal of the action after the plaintiff filed her adversary complaint.

## II. DISCUSSION

■ The plaintiff argues that the district court and the bankruptcy court erred in finding that her adversary complaint was barred by Rule. 60(b). Fed.R.Civ.P. 60(b). According to the plaintiff, the bankruptcy court had jurisdiction under section 477 of the Bankruptcy Act to make "such provisions, by way of injunction or otherwise, as may be equitable." 11 U.S.C. § 877 (repealed 1979). The bankruptcy court, however, declined to exercise its equitable jurisdiction to grant plaintiff's requested relief. The court instead concluded that the complaint could be resolved under Rule 924 of the Bankruptcy Act which makes Federal Rule of Civil Procedure 60(b) applicable to bankruptcy cases.[1] The district court affirmed. Our review of the court's denial of relief under Rule 60(b) is limited to a determination of whether the court abused its discretion. *North Cent. Ill. Laborers' Dist. Council v. S.J. Groves & Sons Co.*, 842 F.2d 164, 168 (7th Cir.1988).

■ The bankruptcy court, on February 18, 1981, ordered the disbursing agent to disburse 100% of the assets of the estate. This disbursing order is a final order allowing for immediate appeal. " 'Final' is interpreted more liberally in bankruptcy cases than in other federal cases." *In re Sax*, 796 F.2d 994, 996 (7th Cir.1986); *In re Barker*, 768 F.2d 191, 192–93 (7th Cir.

---

**1.** Rule 60(b) provides in pertinent part as follows:

> (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrin-

sic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. Fed.R.Civ.P. 60(b).

1985). Although we have held (in a context other than bankruptcy) that a district court's refusal to order the distribution of assets pending litigation is not an appealable final order, *Uehlein v. Jackson Nat'l Life Ins. Co.*, 794 F.2d 300, 301 (7th Cir. 1986), *cert. denied*, — U.S. —, 107 S.Ct. 884, 93 L.Ed.2d 837 (1987), the reasoning that led to a conclusion of nonfinality in that case convinces us that the disbursement order in this case is final.

The debtor's plan contemplated that two fractional interests in real property would be sold to provide for 100% payback of all creditors. The debtor expected to receive approximately $545;000 from these sales. These two sales were completed, and the money received by the disbursing agent. The court's disbursement order of February 18, 1981, disposed of the fund from which the plaintiff argues the tax liability resulting from the sale should have been satisfied.[2]

In *Uehlein*, the court was able to reconsider its decision to retain the money as the case progressed. The appellant had the opportunity to change the court's mind through the continuing litigation. And the appellant was not necessarily injured by the court's refusal to order distribution of the funds. If the appellant lost her case on the merits, she would not receive the money. If she prevailed, she would receive the money plus interest. Here, by contrast, the court was not likely to have the opportunity to reconsider its disbursement order, and the plaintiff was injured by the disposal of the funds she believed should have been retained to satisfy the tax liability. As in *Matter of Xonics, Inc.*, 813 F.2d 127, 129 (7th Cir.1987), the "district judge has resolved all pending questions concerning the fund." The court in *Xonics* went on to note that "outside of bankruptcy, a conclusive disposition of claims to assets would be a final decision in a stand-alone suit; therefore it is an appealable order." *Id.* at 130. We agree with the district court that the February 18, 1981, disbursement order is a final order.

The plaintiff argued to the district court that Rule 60(b) did not apply to her because she was not "a party or a party's legal representative." Fed.R.Civ.P. 60(b). As the district court correctly found, "those in privity with a party can also seek relief under the rule." *In re Harry L. Childress*, 68 B.R. 742 (N.D.Ill.1986) (affirming dismissal of plaintiff's adversary complaint) (citing *Dunlop v. Pan American World Airways*, 672 F.2d 1044, 1052 (2d Cir.1982)). Because the plaintiff was still married to the debtor when the bankruptcy court ordered disbursement of the assets, she was in privity with the debtor, and able to rely on Rule 60(b) to seek relief from the judgment.

The bankruptcy court considered the plaintiff's adversary complaint as a motion seeking relief from the disbursement order either because of a mistake, under Rule 60(b)(1), or because of misconduct, under Rule 60(b)(3). Both of these sections of Rule 60(b) require that the motion be made "not more than one year after the judgment, order, or proceeding was entered or taken." Fed.R.Civ.P. 60(b). The order was entered on February 18, 1981. The plaintiff did not file her adversary complaint until February 20, 1985, more than four years after the disbursement order.

We agree with the bankruptcy court and the district court that the plaintiff's complaint is time-barred. The district court did not abuse its discretion in affirming the bankruptcy court's denial of relief under Rule 60(b). We are unpersuaded by the plaintiff's arguments that it would be equitable for the bankruptcy court to further administer the estate. The Bankruptcy Act states that, after confirmation of an arrangement, "the court shall enter a final decree ... closing the estate, and making such provisions, by way of injunction or otherwise, as may be equitable." 11 U.S.C. § 877 (repealed 1979). This section does not require the court to accommodate the plaintiff's interpretation of what is eq-

---

**2.** Article II provided that the plan contemplated "the sale of certain real estate interests which will result in federal tax liability and the plan hereinafter set forth will include the retention of sufficient funds to satisfy these tax liabilities.

uitable. Although the plaintiff contends that further administration of the estate was "an effective and practical remedy," that "would not conflict with the 1981 disbursement order," the bankruptcy court considered and rejected the plaintiff's assertion that the disbursing agent had a duty to retain assets to pay the taxes resulting from the sale of the debtor's real property interests. The plaintiff cannot sidestep her failure to make a timely objection to the disbursing order by repeating to this court the equitable arguments that failed to carry the day with the bankruptcy court.

## III. CONCLUSION

Because we agree that the bankruptcy court and district court properly characterized the plaintiff's adversary complaint as a motion under Rule 60(b), and because that motion was not timely, we affirm the district court's affirmance of the bankruptcy court and dismissal of the plaintiff's appeal.

AFFIRMED.