[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12641

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 6, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-20866-CV-PAS

ALBERTO STOPPA,

Plaintiff-Appellant,

versus

BAL HARBOUR VILLAGE

Intervenor-Plaintiff-Appellee,

SUSSCO, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 6, 2010)

Before BLACK, WILSON and MARTIN, Circuit Judges.

PER CURIAM:

Alberto Stoppa appeals the district court's dismissal of his complaint against Sussco, Inc. for lack of standing. He also appeals the district court's denial of his motion to reconsider the dismissal. Mr. Stoppa asserts the district court erred in ruling: (1) he was not a party to the state court proceedings that culminated in an order of specific performance requiring his ex-wife to sell their former martial residence to Sussco; (2) he was not sufficiently connected with the order of specific performance to challenge it as a non-party; and (3) he failed to allege any other claims against Sussco for which he had standing. We have read the briefs, reviewed the record, and benefitted from oral argument. We now affirm.[1]

## I. DISCUSSION

Mr. Stoppa sued Sussco, challenging the state court's order directing his former wife, Anamarie Kelly Stoppa, to sell their former-marital home to Sussco. He brought a claim under Rule 60(b) of the Federal Rules of Civil Procedure, which allows a federal court to "relieve a party or its legal representative from a final judgment, order, or proceeding," under certain circumstances.

A party, or a non-party whose interests are directly impacted by a judgment, may obtain Rule 60(b) relief from the judgment by filing a motion in the challenged case or initiating an independent action. The district court determined

---

[1] The district court opinions set out the facts of this case. As the parties and the Court are well-versed in the voluminous record, we will not recount all the facts again here.

Mr. Stoppa was neither a party to the action, nor a non-party with a sufficient connection to the judgment to seek Rule 60(b) relief. We agree.

A.    Mr. Stoppa was not a party to the action for specific performance.

The order of specific performance requiring sale of the marital residence is the only judgment from which Mr. Stoppa seeks Rule 60(b) relief. However, Mr. Stoppa was not a party to the action for specific performance, because he was not served with the relevant complaint and did not appear in the suit. *See Hart v. Yamaha-Parts Distribs., Inc.*, 787 F.2d 1468, 1472 (11th Cir. 1986); *see also E. B. Elliott Adv. Co. v. Metropolitan Dade County*, 425 F.2d 1141, 1148 (5th Cir. 1970) ("[O]ne is not bound by a judgment in personam resulting from litigation in which . . . he has not been made a party by service of process."). In addition, the order from which Mr. Stoppa seeks relief directed only Mrs. Stoppa to convey the home to Sussco, and did not reference Mr. Stoppa or his interests at all. Thus, the district court did not err in determining Mr. Stoppa lacked standing as a party to challenge the order requiring sale of the property to Sussco.[2]

_____

[2]Even were Mr. Stoppa a party to the action, he would have lost standing to challenge the sale order when he lost his interest in the property. *See Molinary v. Powell Mountain. Coal Co.*, 76 F. Supp 2d 695, 704–05 (W.D. Va. 1999) (concluding if a land owner sells her land *after* a judgment affecting the land's disposition, she has no standing to later reopen the judgment regarding the rights of the property owners); *see also In re FedPak Sys., Inc.*, 80 F.3d 207, 212 (7th Cir. 1996) (holding the plaintiff had no standing to seek clarification of a judgment delineating the rights between the person to whom it sold its intellectual property and another party, even though those rights might indirectly affect the plaintiff's interests). Both parties agree Mr. Stoppa lost his property interest prior to the order directing sale of the property to Sussco.

3

B.     Mr. Stoppa was not sufficiently connected to the judgment to challenge it as

       a non-party.

The district court did not err in determining Mr. Stoppa lacked sufficient

connection to the judgment to challenge it as a non-party.  A non-party has

standing to challenge a judgment on certain grounds if his "rights [are] directly

compromised by the final judgment."  *Kem Mfg. Corp. v. Wilder*, 817 F.2d 1517,

1521 (11th Cir. 1987); *see also Dunlop v. Pan Am. World Airways, Inc.*, 672 F.2d

1044, 1052 (2d Cir. 1982) (holding a non-party must be "sufficiently connected

and identified with the . . .  suit to entitle [him] to standing to invoke Rule

60(b)(6)")  Mr. Stoppa claims (1) his previous marriage to Mrs. Stoppa, and (2) his

responsibility for liens secured by the house make him sufficiently connected to

the judgment for specific performance to vest him with standing to challenge it as a

non-party under Rule 60(b).

   *1. Previous Marriage Relationship*

Mr. Stoppa claims a non-party has standing to challenge a judgment

governing his former spouse's assets.  The cases he cites are inapposite.  *See, e.g.,*

*In re Childress*, 851 F.2d 926, 929 (7th Cir. 1988) ("Because the plaintiff was *still*

*married* to the debtor when the bankruptcy court ordered disbursement of the

4

assets, she was in privity with the debtor, and able to rely on Rule 60(b) to seek relief from the judgment") (emphasis added); *Pearlman v. Pearlman*, 405 So. 2d 764 (Fla. 3d DCA 1981) (holding a non-party widow had standing to bring a motion to set aside a $1,000,000 judgment against her deceased husband's estate, because $300,000 of the million-dollar claim was paid from *funds the widow would have received* from the estate). There is no inherent right to challenge a judgment disposing of a former spouse's assets.

Similarly without merit is Mr. Stoppa's claim the judgment of specific performance directly impacted his interests because Mrs. Stoppa's loss of the marital home caused the state court to set aside his divorce settlement. The district court granted Mrs. Stoppa's motion to set aside the settlement based on its finding that Mr. Stoppa's last financial affidavit filed with the court was "blatantly false and fraudulent," not because of Mrs. Stoppa's loss of the marital house. Further, Mr. Stoppa's suggestion on appeal that the re-opening of the settlement might revive his interest in the marital property also fails. The house is no longer marital property, as it is no longer owned by either of the Stoppas. Even were the home still marital property, his suggestion that the state court would reward his fraudulent behavior by expanding his property rights under the divorce settlement

is both entirely speculative and the result of a misunderstanding of a court's equitable powers.

2.  *Liens*

Mr. Stoppa asserts the order for specific performance also directly impacts him because it divests him of collateral securing several of his debts. Assuming arguendo that despite Mr. Stoppa's abdication of any interest in the marital residence he was entitled to continue using the house to secure his debts, the loss of the house as security for the enumerated debts is still insufficient to give him standing to challenge the judgment. His rights and obligations as to the liabilities he lists (the tax lien, Bal Harbor code-violation liens, and mortgages) were not affected by the sale.

First, Mr. Stoppa agreed in his marriage settlement agreement to be personally liable for the tax lien encumbering the property. Because Mr. Stoppa agreed to assume personal responsibility for the lien, he would have the same liability for the tax debt whether or not the order directing Mrs. Stoppa to sell the property were vacated. As with the tax liens, the loss of security for the Bal Harbor code-violation liens does not give Mr. Stoppa standing to challenge the order of specific performance. Bal Harbour Village began placing liens on the property for municipal-code violations in 2001. However, the municipal-code

6

fines are imposed on the owner of the property at the time of the violation, and these fines were imposed after Mr. Stoppa claims to have relinquished his interest in the property.[3] Mr. Stoppa would not, therefore, be liable for the fines. As for the mortgages, in the marriage settlement agreement Mrs. Stoppa agreed to be solely responsible for the mortgage payments. Thus, Mr. Stoppa's mortgage liability remains unchanged despite the sale of the home to Sussco.

Neither Mr. Stoppa's previous marriage, nor his financial liability with respect to liens encumbering the home property provides Mr. Stoppa with a sufficient connection to the order of specific performance to give him standing to challenge it. Thus, the district court did not err in determining Mr. Stoppa lacks standing to challenge the order of specific performance as a non-party.

C.      Mr. Stoppa failed to allege any other claims for which he has standing.

Mr. Stoppa contends that even if he lacks standing to challenge the sale order, the district court erred in dismissing his suit because the complaint asserts claims based on fraudulent conduct unassociated with that order. Even if we were to accept Mr. Stoppa's characterizations of the complaint and conclude it clearly

_____

[3] Mr. Stoppa does not dispute the existence of the legal documents that clearly show he transferred his interest in the property prior to the imposition of these liens. He merely asserts the legal conclusion that, despite those documents, he and his wife owned the property jointly until 2002. We need not be bound by a plaintiff's assertion of a *legal conclusion* on a motion to dismiss. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009); *Davila v. Delta Airlines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

states fraud claims separate from the claim to nullify the order for specific performance, Mr. Stoppa would still lack standing to sue. Mr. Stoppa's other putative claims of malfeasance involve Sussco's failure to pay either the tax lien, the code-violation liens, or the mortgages. As we have already explained, Mr. Stoppa's financial responsibility for those debts has not changed as a result of Sussco's actions. Thus, whether or not Mr. Stoppa properly pled any claims in addition to the claim for relief from the order for specific performance, he has stated no claims under which he has standing.

## II. CONCLUSION

The district court did not err in concluding: (1) Mr. Stoppa was not a party to the action for specific performance; (2) Mr. Stoppa did not have standing to challenge the order as a non-party; and (3) Mr. Stoppa failed to raise any other claims for which he has standing. Accordingly, we affirm the district court's dismissal of Mr. Stoppa's complaint against Sussco for lack of standing.

**AFFIRMED.**